Virginia Beam FROYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-81-290-CR.

(No. 2301cr.)

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1982.

Discretionary Review Granted and
Remanded June 2, 1982.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston,
for appellee.

Before BISSETT, YOUNG and GONZA-
LEZ, JJ.

## OPINION

YOUNG, Justice.

Virginia Beam Froyd appeals from her
jury conviction of aggravated robbery
wherein the court assessed her punishment
to sixteen years confinement in the Texas
Department of Corrections. We reverse.

The appellant was represented by ap-
pointed counsel at her trial. Her attorney
conferred with her on the case, but she
apparently believed that his efforts on her
behalf were inadequate. She prepared
eighteen pre-trial motions, including a mo-
tion to dismiss her attorney from the case.
The appellant did not attempt to file these
motions until October 29, 1979, the date of
the trial. By the time the motions were
filed and brought to the attention of the
trial court, it was too late to grant some of
the requests. Appellant's counsel knew
nothing of the motions before the trial date.
While noting that some of the motions were
groundless, the trial court clearly ruled on
them.

One of the motions requested that the
voir dire and final arguments be recorded.
The motion reached the trial judge only
after the voir dire had been conducted.
The trial judge ruled that it was not timely
filed, and, therefore, he could not grant it.
The final arguments were not recorded.

In her first ground of error, appellant
contends that failure to grant her request

to record the final arguments was reversible error. The State maintains that because the motion was pro se and the appellant was represented by counsel, it would be necessary for us to hold she was entitled to hybrid representation to reverse on this ground of error.

 Article 40.09 § 4, Tex.Code Crim. Proc.Ann. (Vernon Supp.1982) provides: "At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments." Once such a request is made, it becomes mandatory. *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.1975), and failure to grant it requires reversal even in the absence of a showing of harm. *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr. App.1979); *Cartwright v. State*, supra. Thus, if we find that the motion was properly before the trial court, reversal is required.

While a criminal defendant is entitled to the assistance of counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), he may waive counsel and represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). He has no right in Texas to conduct his defense partially pro se and partially by counsel. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977). "However, a patient trial judge may allow both counsel and the accused to jointly participate in the case." *Webb v. State*, 533 S.W.2d 780, 784 (Tex.Cr.App.1976). See *Phillips v. State*, 604 S.W.2d 904 (Tex.Cr.App.1980).

Because there is no right to hybrid representation, the appellant *could not require* the trial judge to consider pro se pretrial motions made while she was represented by counsel. The court did have the power to consider them, however, and the record here shows that the judge actually did consider them and did rule on them. Because the trial judge ruled erroneously on the motion requesting that the court reporter take notes of the final arguments, the case must be reversed.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.