Virginia Beam **FROYD**, Appellant,

v.

**STATE of Texas, Appellee.**

**No. 13–81–290–CR.**

Court of Appeals of Texas, Corpus Christi.

March 10, 1983.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This aggravated robbery case was first considered by this Court on December 4, 1981. We reversed because the final arguments were not recorded as the appellant requested. See *Froyd v. State,* 628 S.W.2d 866 (Tex.App.—Corpus Christi 1982, rev'd). One of the appellant's grounds of error challenged the sufficiency of the evidence in support of the conviction. If we sustain this ground of error, we would be required to enter an acquittal pursuant to *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) rather than remanding the case for a new trial as we did. Since we omitted discussion of this ground of error in our original opinion, the Court of Criminal Appeals has ordered us to do so. *Froyd v. State,* 633 S.W.2d 884 (Tex.Cr.App.—1982).

The evidence adduced at trial shows the following sequence of events. A woman, identified as the appellant, entered Sara's Dress Shop in Houston at 2:00 p.m. on April 21, 1979. At the time two employees, Mindy Mamroth and Patti Perry, were in the shop. Ms. Froyd approached them, displayed a revolver and demanded money. One of the employees testified that they were put in fear of imminent bodily injury and that one of them put the money in a sack. Noel Foreman, the owner, entered the store after her employees had handed over the money at gunpoint. Although she did not see them give the money to the appellant, Ms. Foreman had a clear view of the gun. She testified that the gun put her in fear of imminent bodily injury and that she would not have consented to the appellant's taking of the money.

The appellant in her third ground maintains that the evidence was insufficient to prove the allegation of the indictment that she intentionally and knowingly placed Noel Foreman in fear of imminent bodily injury by exhibiting a firearm in the course of committing a theft. Specifically, the appellant argues that the evidence fails to show that Ms. Foreman was put in fear of imminent bodily injury *during the course of* the robbery. The trial court correctly defined "in the course of committing theft" as conduct that occurred in an attempt to commit during the commission, or in immediate flight after the attempt or commission of theft. See Tex.Penal Code § 29.01 (Vernon 1974). At the time Ms. Foreman saw the appellant, she had just completed the theft and was about to flee. This is clearly within the course of committing theft.

We hold that the evidence shows the appellant in the course of committing theft with the intent to maintain control of the cash knowingly placed Ms. Foreman in fear of imminent bodily injury. This is sufficient evidence of robbery. Appellant's third ground is overruled.

The judgment of the trial court is REVERSED, and the cause is REMANDED for a new trial.