Marvin WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–87–118 CR.

Court of Appeals of Texas, Beaumont.

May 5, 1988.

———

Douglas M. Barlow, Beaumont, for appellant.

Douglas C. Sikes, Sp. Prosecutor, Nederland, for appellee.

OPINION

BROOKSHIRE, Justice.

Marvin Lee Wilson was indicted for committing theft of property owned by Earnest Cooper. The indictment alleged Wilson had the intent to obtain and maintain control of the property and that, during the theft, Wilson intentionally and knowingly threatened Cooper, causing him to be in fear of imminent bodily injury and death. The indictment contained one enhancement paragraph.

The principal offense was alleged to have taken place June 3, 1986. The enhancement paragraph averred that, on November 23, 1981, the Appellant had been finally convicted of the felony of aggravated robbery.

Texas presented the testimony of the victim and the victim's wife. Also, a store clerk and investigating officers testified for the prosecution. The victim, Earnest Cooper, and his wife identified the Appellant in open court as the individual who had robbed them. The defense presented numerous witnesses tending to establish a possible misidentification and alibi.

The jury found the Appellant guilty of the offense of robbery, as alleged in the indictment. The Appellant had previously elected for the jury to assess punishment. He withdrew such an election and chose to have the court assess punishment. The Appellant pleaded true to the one enhancement paragraph. A presentence report was ordered by the court. Sentence was imposed at 20 years confinement. At the sentencing hearing, the Appellant recommended that punishment be assessed at 20 years confinement. The State, however, recommended a term of 35 years. The trial judge followed the Appellant's recommendation. The Appellant's brief argues only one ground of review, arguing that the evidence was, and is, insufficient to support the conviction.

Appellant had a different attorney at trial. His appellate lawyer takes the position that the State clearly proved the theft from a person but failed to prove robbery. In brief, the Appellant's counselor argues that there was no threat and no weapon was in the Appellant's hand. Earnest Cooper was a disabled war veteran, his income being government checks. Cooper was both severely crippled and paralyzed in his back. If he gets out of balance, he will fall. Cooper affirmatively and unequivocally testified that the Appellant knocked him back and Cooper said that he was afraid that he would be hurt, saying that he (Cooper) "was afraid real bad". Cooper did not know if the assailant had a gun, or knife, or what and Cooper testified that he was in fear of imminent bodily injury. Cooper was also afraid that the Appellant had a weapon that might have even killed him at that time. Cooper said:

"Yes, sir. I was afraid of that."

Cooper had placed $566 on the counter, near the cash register, to purchase some money orders. After placing the money there, the store clerk asked Cooper and his wife if they would mind waiting while she (the clerk) helped another customer. Cooper and his wife were agreeable.

At that point, Appellant, coming from behind Cooper, seized the currency. In seizing the currency, however, $40 was dropped on the floor and $40 was left upon the counter near the cash register. Appellant absconded with more than $500. He left in a blue Monte Carlo Chevrolet. Cooper and his wife were able to get a "real good look" at the Appellant. Cooper swore he looked the Appellant straight in the face. Cooper made a positive in-court identification of the Appellant.

An investigating officer testified that Mr. and Mrs. Cooper appeared to have been shaken up from what had happened and they appeared to be noticeably and visibly shaken at the time the investigating officer arrived. Earnest Cooper complained to the officer that he had been hurt when he was knocked down and that, at that time, his back was hurting. Earnest Cooper further testified that he was afraid because:

"A. ... I had got afraid after he done done what he had done."

At the time the Appellant grabbed Cooper's money, Cooper said:

"... Hey, man, you're taking my money".
 ..."

At that point, the assailant slung Earnest on or against the counter.

Under the surrounding facts and circumstances of this case, and because of the Appellant's physical acts, and the condition of Earnest Cooper, Earnest Cooper was placed in fear of imminent bodily injury.

The record shows that a rational trier of facts could have found each element of the alleged offense beyond a reasonable doubt.

*Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983), Opinion on Rehearing); *Freeman v. State,* 654 S.W. 2d 450 (Tex.Crim.App.1983), Opinion on Rehearing); *Denby v. State,* 654 S.W.2d 457 (Tex.Crim.App.1983, Opinion on Rehearing); *Wilson v. State,* 654 S.W.2d 465 (Tex. Crim.App.1983, Opinion on Rehearing).

It should be noted that, in *Garcia v. State,* 625 S.W.2d 831, 833 (Tex.App.— Houston [14th Dist.] 1981, pet. ref'd), the court wrote:

> "Fear of bodily injury means fear of 'physical pain, illness, or any impairment of physical condition.' Tex.Penal Code Ann. sec. 1.07(a)(7) (Vernon 1974)."

*TEX.PENAL CODE ANN. sec. 1.07(a)(7)* (Vernon 1974) provides:

> "(7) 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

On appeal, the reviewing court analyzes the evidence in the case in the light that is most favorable to the jury's verdict and the trial court's judgment. *Houston v. State, supra.*

It is sufficient to sustain a conviction of robbery that the injured party is put in fear. That fear has been defined as being of such a nature as, in reason and common experience, would induce a person to part with his property against his will. *Crawford v. State,* 509 S.W.2d 582 (Tex.Crim. App.1974); *Jones v. State,* 467 S.W.2d 453 (Tex.Crim.App.1971). We affirm the judgment and sentence below.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The central issue is whether, while in the course of committing theft, the appellant intentionally or knowingly placed Earnest Cooper in fear of imminent bodily injury or death. The question does not involve whether Earnest Cooper might have suffered some bodily injury. I readily concede that the placing of fear need not antedate the theft, but may be prior, during or after the theft. *See, Froyd v. State,* 654 S.W.2d 19, 20 (Tex.

App.—Corpus Christi 1983, no pet.). The fear, however, must be of such a nature as to induce a person to part with his property. *Jones v. State,* 467 S.W.2d 453, 454 (Tex.Crim.App.1971). I refer to the following portion of the victim's testimony:

Q. And you're standing in front of the counter, on the left, and Mrs. Cooper is on the right?

A. Right.

Q. And you were waiting for the clerk to turn back around and help you?

A. And go back to waiting on us.

Q. All right. Mr. Cooper, at that time, would you explain to the jury, as best you recall, what happened?

A. The best I recall what happened is, a fellow come behind me and my wife, and shoved and said, "Excuse me, miss" and "Excuse me, mister", and done his arms in this form, and me and my wife, being standing pretty close together, he pushed her around to her right, and pushed me around to my left, and he reached and grabbed the money, just like in this form, and he backed away from me when he figured he had got it all.

I was so excited over it, I didn't know what to say or do, and, so, I reached and caught him and I said, "Mister, you got my money". He just slung my hand aloose [sic] from him, and I turned around to the counter to hold to the counter, being crippled and paralyzed in the back, I couldn't—If I get off of balance, I will fall, so, I just reached and caught the counter and held on, and so, he backed out from me and her, and there was some display racks sitting right beside the counter.

He backed over them and knocked all of the display down. And there was a fellow working for "Free–Lay" (sic) potato chip man, driving a truck. He backed into that man, but he turned around when he stepped to the side to go out the door, and pushed the door and went out.

The state's attorney did take Mr. Cooper through the statutory requirements thusly,

Q. At the time that he stepped up and grabbed the money, Mr. Cooper, and

knocked you back, at that time, were you scared at that time?

A. Yes, sir.

Q. Were you afraid he was going to hurt you in in [sic] some way?

A. Yes, sir. I was afraid real bad. I didn't know whether he had a gun or a knife, or what.

Q. Is it fair to say you were in fear of imminent bodily injury—

A. Right.

Q. —at that time?

A. Yes, sir.

Q. Did you think, possibly, he might even have a weapon there?

A. I thought, possibly, he could have had.

Q. Were you afraid that had he had a weapon that you might even have been killed at that time?

A. Yes, sir, I was afraid of that.

Then we find the cross-examination of Mr. Cooper:

Q. Trying to get about how long you had seen this fellow that took your money at the store. Was—It wasn't a real long time, was it?

A. No, sir, it was not. I didn't see him, at all, before he came between and shoved us away from facing the counter. Then, I had a look at him, like that.

Q. Okay.

A. I had not seen him before he attempted to get between me and my wife.

Q. Now, did he say anything to you to make you afraid?

A. No, sir. I had got afraid after he done done [sic] what he done.

Q. But prior, he didn't make any verbal threats on you, did he?

A. No, sir.

Q. He didn't hold any weapon in his hand, did he?

A. No, sir.

Q. After you were pushed aside, there was nothing else that was done to you, was there?

A. No, sir, there wasn't anything.

Q. He didn't strike you?

A. No, sir.

After reviewing all the evidence I find that appellant committed a theft and in doing so bumped into the Coopers. As appellant was attempting to leave, Mr. Cooper grabbed appellant and appellant pulled away, trying to escape. Mr. Cooper probably did experience some type of anxiety or even fear *after the entire occurrence*. It is certainly within common experience that a person might, after the fact, realize the gravity of the circumstances and recognize fear for what might have occurred. This, however, is not a type of fear to induce a person to part with his property. Similarly, just because the victim recited the statutory requirements in court does not preclude analyzing the totality of the circumstances. In the instant case, there were no verbal threats directed toward the Coopers, no weapons were displayed, and no assault was committed except the pulling away from Mr. Cooper's grip. Mr. Cooper's attempted apprehension of the thief, in my opinion, is a more objective indicator of his state of mind at the time of the occurrence than his recitation during trial. I would sustain the point of error. Since the majority fails to do so, I respectfully dissent.