Wallace Lee **HAZELWOOD**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 13–91–456–CR.**

Court of Appeals of Texas, Corpus Christi.

July 30, 1992.

Dina Acord Bailey, James Randall Smith, Houston, for appellant.

John D. Holmes, Dist. Atty., Andrea F. Lopes, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Wallace Lee Hazelwood, guilty of aggravated assault. The trial court found the two enhancement paragraphs true and assessed punishment at sixty years in prison. By three points of error, appellant complains that the trial court failed to act on his motion to recuse and that it improperly admitted evidence. He further requests a new punishment hearing because, before the punishment hearing began, the State allegedly did not read the enhancement paragraphs, and he did not plead to the enhancements. We affirm.

On August 14, 1989, Sarah Longoria was working inside of the booth at a Shell gas station in Harris County, Texas, when she saw appellant drive his car up to the station and get out. He wanted to use the station's car wash, but she would not let him because he did not buy gas, pay for the wash, or give her a rain check. She explained that when a customer bought gas but did not use the car wash, a rain check was given to the customer so that he or she could use the car wash at a later time. Angered about not being allowed to use the car wash, appellant returned to his car, grabbed two hand fulls of rain checks, and shoved them up to the booth's window. Ms. Longoria took one of the rain checks, and appellant drove to the car wash. He then pulled out of the car wash, stood in front of the booth, and started screaming profanities at her. Ms. Longoria testified that appellant went to his car and retrieved a gun wrapped in an orange-type cloth. He

pointed the gun at her and threatened to blow her head off. She called the police, and appellant got into his car and left. When the police arrived, she gave them appellant's description, his car's description, and his license plate number. About a week later, appellant returned to the Shell station, driving the same car. He began putting air into his tires, and Ms. Longoria called the police. The police arrived and arrested him. Ms. Longoria testified that when appellant was arrested, he had a gun underneath the front seat of his car.

David Waskow, the person who ran the Shell station's service department, testified that he saw appellant drive around the station to go into the car wash. Mr. Waskow said that he next saw appellant pull up to the booth and appear to argue with Ms. Longoria. He saw appellant reach under the front seat of his (appellant's) car and retrieve a package. He said that appellant took a gun out of the package, pointed it at Ms. Longoria, and threatened to blow her head off. When Mr. Waskow saw the gun, he ducked into the garage. When appellant started to drive away, Mr. Waskow got his license number and gave it to Ms. Longoria.

By point one, appellant complains that his conviction must be set aside because the trial court erred and abused its discretion when it failed either to recuse itself or to refer his motion to recuse to the Presiding Judge of the Administrative District. An indictment was filed against appellant on September 11, 1989. On September 19, 1989, attorney Anthony Kayal was appointed to represent appellant. On January 31, 1991, attorney Nelson Hargrove filed a "Motion to Substitute" in which he requested the trial court to appoint him as appellant's attorney. The trial court granted the motion, and attorney Hargrove represented appellant during the pre-trial and trial

phases of his case. Attorney James Smith represented appellant on appeal.

On May 1, 1991 (about three months after attorney Hargrove began representing appellant), appellant filed a *pro se* "Motion for Recusal or Disqualification of Presiding Judge Charles J. Hearn." The record includes a letter dated May 21, 1991, from Judge Hearn's court coordinator addressed to appellant, informing him that the court received the recusal motion and that Judge Hearn would schedule the motion for a hearing at a time when appellant's attorney, Nelson Hargrove, was able to participate. Nothing in the record shows that a hearing was held on the recusal motion, or that Judge Hearn recused himself or referred the motion to the Presiding Judge of the Administrative District. At the pre-trial hearing, Judge Hearn heard appellant's motion to suppress. After Judge Hearn denied the motion, he asked if any other motions needed to be addressed. Attorney Hargrove said, "I believe that's it." Judge Hearn presided over appellant's trial.

 In Texas, an accused has the right to self representation or to be represented by either retained or court-appointed counsel. *Landers v. State,* 550 S.W.2d 272, 275–80 (Tex.Crim.App.1977). The Court of Criminal Appeals has consistently held that an accused does not have a right under the Texas Constitution to "hybrid" representation, which is defined as representation partly by counsel and partly by self. *Turner v. State,* 805 S.W.2d 423, 425 n. 1 (Tex.Crim.App.1991); *Landers,* 550 S.W.2d at 280.[1] Once an accused is represented by counsel, the trial court is entitled to look solely to the accused's counsel and is not required to consider *pro se* pre-trial motions which were filed when the accused was represented by counsel. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Crim.App. 1981); *Webber v. State,* 757 S.W.2d 51, 56

---

**1.** In *Landers,* the Court noted that Chief Justice Burger, then Judge of the United States Court of Appeals for the District of Columbia, discussed the proper roles of the accused and defense counsel at the National Defender Conference in 1969. When he was asked who controlled the progress of a criminal case—the defendant or

his counsel—Judge Burger had an emphatic response: "The defense lawyer!" He pointed out that the defendant has only three decisions to make: to plead guilty or not guilty; to have a jury or non-jury trial; and to take the stand or not. *Landers,* 550 S.W.2d at 280.

(Tex.App.—Houston [14th Dist.] 1988, pet ref'd); *Busselman v. State,* 713 S.W.2d 711, 714 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Froyd v. State,* 628 S.W.2d 866, 867 (Tex.App.—Corpus Christi 1982), *remanded on other grounds,* 633 S.W.2d 884 (Tex.Crim.App.1982). However, a patient trial judge may allow both counsel and the accused to jointly take part in the case. *Webb v. State,* 533 S.W.2d 780, 784 n. 2 (Tex.Crim.App.1976). *See Phillips v. State,* 604 S.W.2d 904, 908 (Tex.Crim.App. 1979).

In the present case, appellant had at all times been represented by counsel in pre-trial, trial, and the appeal of this case. Attorney Nelson Hargrove represented appellant at the time appellant filed his *pro se* pre-trial motion to recuse. In view of appellant's representation by attorney Hargrove and the record's failure to show that the trial court gave appellant permission to proceed partially *pro se,* appellant could not require the trial court to consider his *pro se* motion to recuse. *See Webber,* 757 S.W.2d at 56 (trial court properly denied accused's two *pro se* pre-trial motions to suppress testimony on the basis he was represented by counsel); *Busselman,* 713 S.W.2d at 714 (trial court did not err by overruling accused's *pro se* pre-trial motion to dismiss once he retained an attorney); *Froyd,* 628 S.W.2d at 867 (accused, when represented by attorney, could not require trial court to consider *pro se* pre-trial motion to record voir dire and final arguments). We therefore hold that the trial court did not err and abuse its discretion when it failed either to recuse itself or to refer the recusal motion to the Presiding Judge of the Administrative District when filed by the pro se defendant when the defendant was properly represented by counsel. Point one is overruled.

By point two, appellant complains that his conviction must be set aside because the trial court erred when it overruled his objection to State's Exhibit No. 3, the gun which he allegedly used to assault Ms. Longoria, on the basis that it was "illegally obtained." When the State's attorney asked Ms. Longoria if State's Exhibit No. 3 was the gun that appellant pointed at her, she said, "It looks like it; yes."

The State offered the gun into evidence, and defense counsel objected on the basis that the State "hasn't proved this is a gun yet." The State then offered the gun for demonstrative purposes, and the trial court asked counsel if he had any objection. Counsel said, "Yes, I have," but he did not assert a specific objection. The trial court overruled the objection and admitted the gun into evidence.

Lieutenant Massey then testified that Officer Bennett arrested appellant at the Shell station on September 10, 1989. A warrant for his arrest had been issued before that time. (At the time of the trial, officer Bennett was living in New York and did not testify.) Lt. Massey testified that State's Exhibit No. 3 was taken from appellant and put into the property room on the date of his arrest. When asked what kind of gun State's Exhibit No. 3 was, Lt. Massey said that it was a Smith & Wesson automatic pistol. He considered the gun a firearm and a deadly weapon. The State again offered the gun into evidence, and defense counsel objected on the basis that it was illegally obtained. The trial court overruled the objection.

Error, if any, in admitting the gun into evidence the second time is harmless because the gun was already in evidence. Moreover, the victim, Ms. Longoria, testified that a gun was used to assault her and that she believed that State's Exhibit No. 3 was the gun which appellant used in the assault. Lt. Massey considered the gun a firearm and a deadly weapon. We therefore hold that the trial court did not err when it admitted State's Exhibit No. 3 into evidence the second time. Point two is overruled.

By point three, appellant complains that his sentence must be set aside and the case remanded for a new punishment hearing because, before the punishment hearing began, the State allegedly did not read the enhancement paragraphs, and he did not plead to the enhancements. The trial court assessed punishment in this case. Article 36.01(a)(1) of the Texas Code of Criminal Procedure provides, in relevant part:

The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

The reading of the enhancement allegations and the taking of the plea is mandatory. *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App.1985).

█ In the present case, the statement of facts does not show that the two enhancement paragraphs were read to the trial court, or that appellant pleaded to the enhancement paragraphs before the punishment hearing began. However, no objections were made to these alleged irregularities. Rule 80(d) of the Texas Rules of Appellate Procedure provides that the court of appeals shall presume that "the defendant was arraigned" and that "he pleaded to the indictment or other charging instrument ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record." In the present case, the record does not "affirmatively show" that the enhancement allegations were not read and that appellant did not plead to the enhancements. *See Vasquez v. State*, 653 S.W.2d 492, 494–95 (Tex. App.—Corpus Christi 1983), *aff'd on other grounds*, 665 S.W.2d 484 (Tex.Crim.App. 1984). *See State ex rel. Ownby v. Harkins*, 705 S.W.2d 788, 791 (Tex.App.—Dallas 1986, no pet.) (silence in the record does not amount to an "affirmative showing"). Since the alleged omission was not brought to the trial court's attention, and because the record does not affirmatively show that the enhancements were not read and that appellant did not plea to them, we hold that reversible error did not occur. *McDade v. State*, 671 S.W.2d 67, 70 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); Tex. R.App.P. 52(a). *See Reed v. State*, 500 S.W.2d 497, 499 (Tex.Crim.App.1973). Point three is overruled.

The trial court's judgment is AFFIRMED.