In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-088 CR


____________________



LINDA LOUISE RIDER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 02-177983






MEMORANDUM OPINION (1)


 Linda Louise Rider was convicted of criminal trespass and sentenced to 180 days
of confinement in the Montgomery County Jail. Trial was to the court. Rider was accused
of remaining at the jail after being given notice to depart. The brief filed by Rider's
appellate counsel concludes this appeal presents no error which would arguably support
an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 26, 2003,
we granted an extension of time for Rider to file a pro se brief. Rider filed a pro se brief
that presents thirteen issues unsupported by argument and authorities.

 First, Rider contends, "The warrant was not obtained nor executed." The validity
of the arrest was not challenged at trial. Therefore, the prerequisite for appellate review
has not been met. See Tex. R. App. P. 33.1(a). Furthermore, it appears the arrest was
made by a peace officer for an offense committed in the officer's presence, for which no
warrant is required. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). 

 Second, Rider states, "The incarceration of the petitioner had exhausted the 72 hour
Rule/Law of obtaining an indictment for prosecution." Again, this complaint about the
proceedings below does not appear to have been preserved through a ruling by the trial
court. See Tex. R. App. P. 33.1(a). The appellant may be referring to her right to be
released on bond. See Tex. Code Crim. Proc. Ann. art. 17.033 (Vernon Supp. 2004). 
The record does not establish that Rider was held for more than 72 hours before bond was
set. Her first attorney was appointed on August 12, 2002, three days after the date of the
offense. By that time, a $3,000 bond had been set. 

 Third, Rider urges she was deprived of a speedy trial because "the limit of 180 days
was overlooked." Less than 180 days elapsed between the date of the offense and the date
of conviction. Some of the delay must be attributable to the fact that Rider's first two
attorneys withdrew from the case due to lack of cooperation. The only arguable assertion
of Rider's right to a speedy trial is a pro se motion to dismiss, which relied upon Article
32A.02, Texas Code of Criminal Procedure. The trial court is not required to consider
pro se motions filed while the accused is represented by counsel. Hazelwood v. State, 838
S.W.2d 647, 649 (Tex. App.--Corpus Christi 1992, no pet.). Furthermore, Article
32A.02 has been held to be void on grounds of separation of powers. Meshell v.
State, 739 S.W.2d 246, 258 (Tex. Crim. App. 1987). Finally, Rider's counsel filed a
motion for continuance on October 29, 2002; Rider filed the pro se motion to dismiss on
November 5, 2002, and the trial took place on December 16, 2002. Given the short period
of time between charging and disposition, the repeated withdrawal of defense counsel, the
failure to properly assert the right, and the lack of any indication of prejudice, a
constitutional claim under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), is not arguable.

 Fourth, Rider complains about her attorney's performance. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). Rider's complaints, that counsel did not visit the jail and failed to
serve subpoenas, are not supported by the record. Three of the four people on the witness
list testified at trial. We can only speculate on what would have been the testimony of the
fourth potential witness, who is the officer for whom Rider allegedly developed an
obsession during a previous incarceration in the jail. Absent a hearing in which the
attorney has an opportunity to explain her actions, we must presume that counsel's failure
to secure the officer's testimony at trial was part of a reasoned trial strategy. See Bone v.
State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). 

 Fifth, Rider brings three examples of testimony to our attention. She points to one
witness's in-court identification of the defendant, and asks, "Was the petitioner familiar
with the witness?" The witness testified that she knew the defendant from a previous
incarceration. Rider asks why a supervisor was called to the front of the jail, as the
witness testified, Rider "said she couldn't wait" for the person she left the gifts for. The
witness's supervisor testified that the witness contacted him due to alarm for the officer in
whom Rider had expressed personal interest. Finally, Rider argues in her brief that she
is the one who called for the supervisors. The record reference provided by Rider does
not support this assertion of fact. The witness testified that she called the corporal to have
him escort Rider off the premises. 

 Sixth, Rider asks if the witness was interviewed by counsel or given a deposition
to substantiate credibility. The record does not indicate what pre-trial discovery may or
may not have been conducted. No error is shown in the record. 

 Seventh, the appellant asks, "Was the owner referred to by their correct or full
name and title[?]" Rider's record reference is to testimony that, upon delivering presents, 
Rider told the person sitting at the jail reception area, "Don't tell Miss Lisa I'm here."

 Eighth, Rider argues that no one had authority to ask her to leave the premises. 
Corporal Robert Albritton testified that he had the authority to tell people to leave the
property of the Montgomery County Sheriff's Department as part of his duties as security
supervisor, and that he gave Rider notice to depart the premises. 

 Ninth, Rider points to testimony that she refused to provide identification to
Corporal Albritton, and suggests that she should have been charged with an additional
charge of vagrancy. "In the ordinary case, 'so long as the prosecutor has probable cause
to believe that the accused committed an offense defined by statute, the decision whether
or not to prosecute, and what charge to file or bring before a grand jury, generally rests
in his discretion.'" Roise v. State, 7 S.W.3d 225, 243 (Tex. App.--Austin 1999, pet.
ref'd)(quoting Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604
(1978)). 

 Tenth, the appellant refers to the witness list and asks if the names are "in proper
order as to what their names are legally past and present." Although one of the four
people on the list did not testify, there is no indication that the person could not be located
or was unavailable as a witness.

 Eleventh, Rider refers to a defense motion for continuance in the record, and states,
"The Attorney of record never filed for dismissal, nor continuance. No motions were
presented, nor ordered, nor denied." Assuming this complaint is directed to effectiveness
of counsel under the Sixth Amendment, the issue is not arguable for the same reason
explained in our discussion of Rider's fourth issue. See Thompson, 9 S.W.3d at 813;
Bone, 77 S.W.3d at 836. 

 Twelfth, the appellant claims that an order to pay the court appointed attorney was
not granted. A blank "Order to Pay Court Appointed Attorney" follows trial counsel's
affidavit of itemized time services. It does not necessarily follow that counsel was, in fact,
not paid for her services. At any rate, no harm or prejudice to the appellant, who was
appointed new counsel on appeal, is shown. 

 Thirteenth, Rider complains, "No paperwork was properly submitted with
authorized seals and signatures." Without more, we cannot discern the nature of this
complaint. The record does not reflect that Rider was denied any rights or relief because
of improper documentation or authentication.

 The issues raised in the appellant's pro se brief are overruled. We find no arguable
error in our review of the clerk's record and the reporter's record; therefore, we find it
unnecessary to order appointment of new counsel. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). The judgment of the trial court is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on March 15, 2004

Opinion Delivered March 24, 2004

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.7.