MEMORANDUM OPINION

No. 04-05-00070-CR

Juan MORENO,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 186th Judicial District Court, Bexar County, Texas 
Trial Court No. 2003-CR-3191
Honorable Teresa Herr, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   January 4, 2006

AFFIRMED

            A jury found defendant, Juan Moreno, guilty of burglary of a habitation and assessed
punishment at forty years’ confinement. We affirm.
1.         Sufficiency of the Evidence
            In his first issue, defendant asserts the evidence is factually insufficient to support the trial
court’s judgment. Defendant asserts all evidence against him was circumstantial because no stolen
property was found in his possession, no fingerprint evidence linked him to the burglary, and he was
not wearing a Dallas Cowboy jacket witnesses described the robber as wearing. We review the
sufficiency of the evidence under the appropriate standards of review. See Zuniga v. State, 144
S.W.3d 477, 481-85 (Tex. Crim. App. 2004) (factual sufficiency); Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both direct and
circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 
            On a Saturday morning in February 2003, Veronica Arcos entered her garage, and saw a man
standing in the garage. Ms. Arcos said the man was “taking stuff from my pantry,” and, when he
heard her scream, he got on a bicycle, carrying two bags, and rode away. Ms. Arcos described the
man as wearing a Dallas Cowboy jacket, and she described the bicycle as gray in color and “like a
ten speed.” Ms. Arcos’ husband, Johnny Arcos, ran into the garage when he heard his wife’s
screams. Mr. Arcos ran after the man, but stopped chasing him when the man dropped the bags. Mr.
Arcos, who retrieved the bags, said the man kept looking back to see who was chasing him. Mr.
Arcos flagged down a nearby police officer who broadcast a description of the man. The man, later
identified as defendant, was apprehended about ten minutes later.
            Mr. and Mrs. Arcos both described the bicycle, the clothing and shoes worn by defendant,
and his size and complexion. A police officer drove Mr. Arcos and Ms. Arcos separately the three
or four blocks to the location near their home where the defendant was being held. They both
identified the defendant as the man who fled their house and the bicycle as the one he rode. Mr.
Arcos also later identified the defendant in a photo array. Although the police were unable to lift
fingerprints from the items in the bags, the Arcoses both identified the contents as items taken from
their garage. 
            After reviewing this evidence, we conclude the evidence is sufficient to support the verdict.
2.         Juror Disqualification 

            In his second issue, defendant asserts the trial court erred in disqualifying a juror. Defendant
concedes on appeal that no objection was raised at trial; therefore, this issue presents nothing for our
review. See Tex. R. App. P.33.1(a).
3.         Ineffective Assistance of Counsel 

            In his third issue, defendant asserts trial counsel was ineffective because counsel failed to (1)
object to the admission of evidence, (2) file motions as requested by defendant, (3) allow defendant
to testify on his own behalf at trial, and (4) call certain witnesses requested by defendant. We review
defendant’s claim of ineffective assistance of counsel under the established standard of review. See
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The Strickland test is applied without the
benefit of hindsight, and the allegations will be sustained only if they are affirmatively established
in the record. Thompson, 9 S.W.3d at 813. 
            On appeal, defendant does not identify the objectionable evidence; he does not identify the
motions he alleges should have been filed by trial counsel; and he does not identify the witnesses or
the substance of their testimony. Nothing in the record supports defendant’s allegation that trial
counsel deprived him of his right to testify. On this silent record we will not speculate as to trial
counsel’s strategy; therefore, defendant has failed to meet his burden of establishing that trial counsel
was ineffective.
 
 
4.         Chain of Custody 
            In his fourth issue, defendant asserts “he believes that the evidence offered before the jury
in his trial came from the possession of the victims . . . and that the evidence should have been
maintained by the State to avoid contamination.” Defendant does not identify the evidence. Instead,
defendant concedes “this allegation has not been preserved in the record.” Therefore, this issue
presents nothing for our review. See Tex. R. App. P.33.1(a).
5.         Pro Se Motions
              In his fifth issue, defendant asserts the trial court erred by not ruling on certain pro se
motions filed before trial. Defendant does not specify which motions should have been ruled upon
or how he may have been harmed. A defendant has no absolute right to hybrid representation, i.e.,
to proceed pro se and be represented by an attorney at the same time. Scarbrough v. State, 777
S.W.2d 83, 92 (Tex. Crim. App. 1989). “Once an accused is represented by counsel, the trial court
is entitled to look solely to the accused’s counsel and is not required to consider pro se pre-trial
motions which were filed when the accused was represented by counsel.” Hazelwood v. State, 838
S.W.2d 647, 649 (Tex. App.—Corpus Christi 1992, no pet.). Thus, a represented defendant cannot
require the court to consider his pro se motions. Meyer v. State, 27 S.W.3d 644, 648 (Tex.
App.—Waco 2000, pet ref’d).
CONCLUSION
            We overrule defendant’s issues on appeal and affirm the trial court’s judgment.
 
Sandee Bryan Marion, Justice
DO NOT PUBLISH