COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: JOSE LUIS AGUIRRE,



 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00319-CR



AN ORIGINAL PROCEEDING

 IN MANDAMUS





MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS



 Jose Luis Aguirre has filed a pro se petition for writ of mandamus, seeking an order
compelling the trial court to rule on his motion for appointment of counsel to pursue a motion for
DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. Because the record
indicates that Relator's trial counsel continue to represent him, we deny the relief requested.

DISCUSSION


 In order to obtain relief through a writ of mandamus, a relator must establish: (1) no other
adequate remedy at law is available and (2) that the act he seeks to compel is ministerial. Dickens
v. Court of Appeals For Second Supreme Judicial Dist. of Texas, 727 S.W.2d 542, 548
(Tex.Crim.App. 1987). An act is ministerial if it does not involve the exercise of any discretion. 
State ex rel. Hill v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex.Crim.App. 
2001). However, a so-called discretionary function may become ministerial when the facts and
circumstances dictate but one rational decision. Buntion v. Harmon, 827 S.W.2d 945, 948 n.2
(Tex.Crim.App. 1992).

 According to Relator's petition he was represented by two appointed attorneys during his
criminal trial. Although Relator expresses dissatisfaction with his trial counsel, there is no record
that either has withdrawn from the representation. See Tex.R.Civ.P. 10. Relator has no right to
hybrid representation. See Patrick v. State, 906 S.W.2d 481, 498 (Tex.Crim.App. 1995). In
addition, a trial court has no duty to search for counsel agreeable to an indigent defendant. Bunion,
827 S.W.2d at 949; Solis v. State, 792 S.W.2d 95, 100 (Tex.Crim.App. 1990). Therefore the trial
court has no legal duty to rule on Relator's pro se motions. See Hazelwood v. State, 838 S.W.2d
647, 649-50 (Tex.App.--Corpus Christi 1992 no pet.), citing Rudd v. State, 616 S.W.2d 623, 625
(Tex.Crim.App. 1981). As Relator has not shown a clear abuse of discretion, his petition for writ
of mandamus is DENIED.



December 20, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)