

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00361-CR

**MICHAEL TROY EVANS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2018-208-C2**

## MEMORANDUM OPINION

In three issues, appellant, Michael Troy Evans, challenges his conviction for theft of more than $2,500, but less than $30,000. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(A), 31.09. We affirm.

### I. BACKGROUND

In the instant case, Evans was charged by indictment with theft of more than $2,500, but less than $30,000. Pursuant to a plea agreement with the State, Evans pleaded

guilty to the charged offense. The trial court accepted Evans's guilty plea and found him guilty of the charged offense. The State's original offer was twelve months' incarceration in State Jail, and the trial judge indicated that he was "assessing punishment at 12 months in a State Jail facility."

The trial court then inquired as to whether there was any reason under the law that Evans should not be sentenced at that time. Evans requested that he be given a reasonable amount of time before having to report back for sentencing, so that he could finalize his grandmother's estate in South Texas. The trial court granted Evans's request and reset the sentencing hearing. At that time, Evans also agreed to additional terms in the plea agreement that provided the trial court could sentence him within the full range of punishment if he failed to appear for the sentencing hearing and that he could not withdraw his guilty plea.

Thereafter, Evans failed to appear for the sentencing hearing. The trial court forfeited Evans's bond, issued a judgment nisi, and ordered a capias issued for Evans's arrest. Evans was apprehended and brought before the court. At that hearing, the trial court sentenced Evans to twenty-four months' incarceration in State Jail. The trial court certified Evans's right to appeal, and this appeal followed.

## II. DOUBLE-JEOPARDY

In his first issue, Evans contends that the trial court exceeded its authority and violated his rights under the Double Jeopardy Clause of the United States Constitution by increasing his sentence more than thirty days after assessing punishment.

A double-jeopardy claim must generally be raised in the trial court to preserve error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 643-46 (Tex. Crim. App. 2000); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd). However, a double-jeopardy claim may be raised for the first time on appeal when (1) the undisputed facts show the double-jeopardy claim violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate State purpose. *See Gonzalez*, 8 S.W.3d at 643; *see also Rangel*, 179 S.W.3d at 70.

The record reveals that Evans did not object to his sentence on double-jeopardy grounds in the trial court. Furthermore, Evans's double-jeopardy claim is not apparent from the face of the record. Indeed, the record contains the agreement between the State and Evans pertaining to Evans's request to remain free on bond to allegedly finalize his grandmother's estate. Specifically, Evans agreed that, if he did not appear for the sentencing hearing, the trial court could impose a sentence within the full range of punishment and that he could not withdraw his guilty plea. More importantly, the agreement provided that Evans's failure to appear constituted a voluntary waiver of all

complaints under article 1.14 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14.

Moreover, the record reflects that Evans was sentenced in open court, was represented by counsel at all times, and was given a full opportunity to make objections at the sentencing hearings. Accordingly, we conclude that there is a legitimate State interest in enforcing the usual rules of procedural default in this case. As such, we further conclude that Evans has not preserved his Double-Jeopardy complaint in this issue. *See Gonzalez*, 8 S.W.3d at 643; *see also Rangel*, 179 S.W.3d at 70. We therefore overrule his first issue.

### III. EVANS'S "FAILURE TO APPEAR"

In his second issue, Evans argues that the trial court abused its discretion by increasing his sentence because he "failed to appear."

At the sentencing hearing conducted after Evans was apprehended, the trial court assessed punishment at twenty-four months' incarceration in State Jail. The trial court then asked whether there was any reason, under the law, that Evans should not be sentenced at that time. Evans himself responded with excuses for his failure to appear, but offered no legal reason preventing sentencing at that time. Later, the trial court inquired about Evans's prior waiver of his right of appeal. Evans himself then responded, "Yes, sir. I just don't understand why you're—why you upped it on me. I mean, this is—this is the deal."

A review of the record demonstrates that Evans did not proffer a legal objection to his punishment and sentence when they were assessed. Moreover, appellant did not file a motion for new trial in which he raised this complaint. Accordingly, we conclude that Evans failed to preserve error. *See* TEX. R. APP. P. 33.1(a); *see also Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

To the extent that it can be argued that Evans's own "objections" to the sentence preserved error, we note that the agreement between Evans and the State pertaining to Evans's request to remain free on bond to allegedly finalize his grandmother's estate provided that should Evans fail to appear for the sentencing hearing, the trial court was authorized to impose a sentence within the full range of punishment. The agreement also provided a voluntary waiver of all complaints pursuant to article 1.14 of the Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 1.14, and stated that Evans stipulated "that for purposes of appeal the punishment actually assessed and imposed by the trial court will not and does not exceed the punishment recommended by the prosecutor and agreed to by the Defendant." Accordingly, we conclude that Evans's second issue lacks merit.[1] We overrule Evans's second issue.

---

[1] It is also true that a defendant has no right to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Further, a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel, as was the case here. *See id.*; *see also Hazelwood v. State*, 838 S.W.2d 647, 649 (Tex. App.—Corpus Christi 1992, no pet.) ("Once an accused is represented by counsel, the trial court is entitled to look solely to the accused's counsel and is not required to consider pro se pre-trial motions which were filed when the accused was represented by counsel."). Therefore, because

## IV. WITHDRAWAL OF EVANS'S GUILTY PLEA

In his third issue, Evans asserts that the trial court abused its discretion by denying his motion to withdraw his guilty plea.

After accepting Evans's guilty plea, finding him guilty, and sentencing him to twenty-four months' incarceration in State Jail, the trial court inquired about Evans's waiver of his right to appeal. Evans himself responded, "Well, I'd like to withdraw everything . . . and go to trial." It is this exchange that Evans relies upon in this issue to show that he should have been allowed to withdraw his guilty plea.

To the extent that the statements above constituted a request for the withdrawal of Evans's guilty plea, we once again reference the agreement between Evans and the State pertaining to Evans's request to remain free on bond to allegedly finalize his grandmother's estate, which provided that, should Evans fail to appear, the trial court could refuse to allow Evans to withdraw his guilty plea. *See Hallmark v. State*, 541 S.W.3d 167, 170 (Tex. Crim. App. 2017) ("Likewise, because the 'no show/full-range-of-punishment' condition was a part of Appellant's plea agreement, and she did not show up for sentencing as she agreed to do, the trial judge was following the plea agreement when she considered the full range of punishment, and Appellant had no right to withdraw her plea."). Furthermore, the agreement also contained a voluntary waiver of

---

Evans, not his counsel, "objected" to the imposed sentence, the trial court was entitled to disregard Evans's "objections."

all complaints under article 1.14 of the Code of Criminal Procedure.  *See* TEX. CODE CRIM.

PROC. ANN. art. 1.14.

And finally, as mentioned earlier, a defendant has no right to hybrid representation, and trial courts are free to disregard pro se motions presented by a defendant represented by counsel.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also Hazelwood v. State*, 838 S.W.2d 647, 649 (Tex. App.—Corpus Christi 1992, no pet.).  Evans was represented by counsel during the entire sentencing hearing, and counsel did not make a request for the withdrawal of the guilty plea.  Moreover, the record does not demonstrate that the trial court ruled on Evans's purported request to withdraw his guilty plea.  We therefore overrule Evans's third issue.

## V.    CONCLUSION

Having overruled all of Evans's issues on appeal, we affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Neill,
    and Senior Justice Scoggins[2]
Affirmed
Opinion delivered and filed February 17, 2021
Do not publish
[CR25]



---

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

Evans v. State                                                                                                    Page 8