**Larry Dean TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61619.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 26, 1979.

David H. Brown, Sherman, for appellant.

Patrick C. Batchelor, Dist. Atty. and John H. Jackson, Asst. Dist. Atty., Corsicana, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

**ODOM, Judge.**

This is an appeal from a conviction for theft over $200. After conviction by a jury, punishment was assessed by the court at six years.

This appeal was previously abated because the record had been forwarded to this Court before the time allowed for filing briefs had expired. Briefs have now been filed and the appeal is before us for disposition on the merits.

In his third ground of error appellant urges reversible error was committed when evidence of extraneous offenses was improperly admitted over his objection that the evidence was hearsay. The record shows that a 300 John Deere tractor with a front end loader was stolen from a field in Navarro County and that appellant was arrested in possession of the stolen tractor the next day in Grayson County. At that time appellant was driving a pickup truck and pulling the John Deere tractor and an Allis-Chalmers tractor on a trailer.

A peace officer who went to the scene and assisted in the investigation was permitted to testify over appellant's hearsay objection that his investigation revealed the truck appellant was driving at the time of his arrest and the Allis-Chalmers tractor were also stolen property. Appellant's objection at trial and ground of error on appeal do not challenge the State being allowed to prove his possession of this other stolen property at the time of his arrest, if the State can present competent evidence of the fact. The position urged by appellant at trial and on appeal is that the State may not prove such facts by hearsay evidence.

The objection should have been sustained. There was no other evidence of these facts presented at trial other than the investigating officer's testimony about what he had learned in the course of his investigation, so we cannot say the improper admission of this evidence was rendered harmless by proper proof of the same facts. Likewise, the State's case was circumstantial, and we are unable to say that the error is made harmless by overwhelming evidence of appellant's guilt.

The cases relied on by the State support the admission of proper evidence of the extraneous offenses shown in this case by the hearsay testimony of the officer, but they do not address the hearsay issue raised in this case, much less hold such evidence is competent proof of the fact. Appellant's ground of error is sustained.

The judgment is reversed and the cause remanded.