**Nathan James McDADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0604–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 1984.

Larry P. Urquhart, Moorman, Tate, Moorman & Urquhart, Brenham, for appellant.

Don Clemmer, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted of unauthorized use of a motor vehicle, and the jury, finding the enhancement paragraph to be true, assessed punishment at 12 years confinement. We affirm.

In his first ground of error, the appellant contends that the evidence is insufficient to prove that the vehicle the appellant was driving was the same vehicle as that alleged in the indictment.

The State's first witness was Mr. Mike Kuo, Vice President of Keco American, Inc., the owner of the vehicle in question. Mr. Kuo described the vehicle as a 1978 Ford van, having a trade-in value of $2,700, and bearing the license plate number P85823. He testified that the van was locked and parked in front of his company offices, and that it was later stolen. He had no idea who took the van, and he had never given the appellant permission to drive the van. A Houston police officer, Mike S. Kaufman, next testified that he became suspicious when he saw a white van, being driven without lights, back up to the loading dock of a store in a shopping center. Upon being observed, the van pulled away at a high rate of speed, ignored his presence and his emergency overhead red lights, and tried to avoid apprehension. As the van passed him on the street, he recognized the appellant as the driver and also recognized the appellant's companion, a passenger in the vehicle. After a high-speed chase, the van entered a dead end street in a residential district, pulled into a driveway, and hit a tree, a telephone pole, a carport, and a dog before coming to rest. The driver and one of the passengers, James Levi, escaped, but the

third person in the vehicle, Freddie Collier, was apprehended.

When questioned at the scene, Collier identified appellant and Levi as the other two parties in the vehicle. Both were subsequently arrested by police officers. Officer Kaufman testified that he checked the license plate number, and it was not the same number as the license issued to that particular van. He also checked the vehicle inspection number and determined that the registered owner of the van was Keco American, Inc.

The appellant argued that the State failed to prove that the property the accused possessed was the identical property stolen from the owner alleged in the indictment, and that the judgment must therefore be reversed. He contends that the officer's testimony, identifying the van as belonging to the complainant, was inadmissible hearsay. In support of his position, appellant cites *Turner v. State*, 586 S.W.2d 869 (Tex.Cr.App.1979), and *Hanna v. State*, 546 S.W.2d 318 (Tex.Cr.App.1977).

We do not find either of these two cases controlling of the situation in the case at bar. In *Hanna,* the police officer testified that the vehicle fit the description of a report of a stolen vehicle he had heard on his police radio; that he had checked the vehicle identification number, and "verified it with headquarters that this was the vehicle they were looking for." The Court of Criminal Appeals held that the evidence failed to establish beyond a reasonable doubt that the car the appellant was driving was the same as that taken from the complainant's lot. In *Turner,* the investigating officer was permitted to testify, over a hearsay objection, that his investigation revealed that the truck the defendant was driving at the time of his arrest, and the tractor he was pulling with his truck, were stolen property. The court held that the trial court should have sustained the hearsay objection, and that its admission over such objection constituted reversible error. In the case at bar, the police officer was permitted to testify, without objection, that he had checked the vehicle inspection number on the van and had determined that the complainant was the registered owner of the van. Specifically, he testified:

Q. And, did you check the V.I.N. number on the van?

A. Yes, ma'am, I did.

Q. All right. And, what happened when you checked the V.I.N. number?

A. It did come back to the stolen van.

Q. Okay. And, did it come back as to who the owner of the van was?

A. Yes, ma'am.

Q. And, who was the owner of that van?

A. The owner of the car—the van—was Keco American, Incorporated.

Although the appellant's defense counsel at trial conducted an extensive cross-examination of the police officer, no attempt was made to ascertain how the officer had checked the vehicle's registration and determined that the complainant was the owner.

In *Hefley v. State*, 489 S.W.2d 115 (Tex. Cr.App.1973), the State elicited the following testimony of a police officer:

Q. Were you able to trace the ownership of that vehicle based on its license plates, registration and so forth to any certin (sic) owner?

A. Yes, sir.
MR. BOYCE: We're going to object to this. It calls for a hearsay answer.
THE COURT: Overruled on that.
MR. BOYCE: Note our exception.

Q. (By Mr. Stauffer) You may answer.

A. Yes, sir, we were.

Q. Who did you determine to be the owner of that vehicle?

A. It was registered to a Ronald M. Hefley.

The Court of Criminal Appeals affirmed the conviction, concluding that the question objected to by the appellant did not call for a hearsay answer, and that since no objection was voiced to the subsequent questions, no error had been preserved for review. 489 S.W.2d 117.

■ In the case at bar, the source of the police officer's knowledge was not established by the officer's direct testimony, and the appellant made no effort on cross-examination to determine the source. Under this state of the record, we find no reversible error. *See, Rodriguez v. State,* 398 S.W.2d 124, 126 (Tex.Cr.App.1965). We overrule the appellant's first ground of error.

In his second ground of error, the appellant contends that the trial court erred at the penalty stage of trial by not requiring the prosecuting attorney to read the enhancement paragraph to the jury and the appellant to enter a plea.

The record reflects that the indictment was read to the jury and the appellant entered a plea of not guilty. After the jury returned a verdict of guilty, the appellant stipulated that he was the same person previously convicted of the felony offense alleged in the enhancement paragraph.

The statement of facts does not affirmatively reflect that the enhancement paragraph was read to the jury, or that the appellant entered a plea to the enhancement allegation. However, no objection was made at trial, nor was the contention raised in the appellant's motion for new trial. Furthermore, the trial court's judgment, after setting forth the jury's verdict of guilty to the primary offense, recites that the defendant, "having requested in writing at the time he entered his plea of not guilty that the jury assess the punishment, the remainder of the indictment was read to the jury and the defendant entered the above indicated plea thereto and the jury heard further evidence...." Thus, the judgment itself indicates that the enhancement paragraph was read to the jury and that the appellant entered a plea of true.

■ Tex.Code Crim.Proc.Ann. art. 44.-24 (Vernon Supp.1982–83) provides, in effect, that it will be presumed on appeal that "the defendant was arraigned" and that "he pleaded to the indictment or other charging instrument, ... unless such matters were made an issue in the court be-

low." Since the alleged omission was not brought to the trial court's attention, we hold that the error, if any, was not preserved for review. *See, Reed v. State,* 500 S.W.2d 497 (Tex.Cr.App.1973). Moreover, we conclude that appellant has failed to show any harm by the alleged error, and that no basis is shown for a reversal of the trial court's judgment. *See, Kenneybrew v. State,* 576 S.W.2d 861 (Tex.Cr.App.1979); *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978).

The judgment of the trial court is affirmed.