**Pedro BATISTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00531–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 11, 1985.

David R. Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Emil Holiner, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU, and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for unauthorized use of a vehicle. TEX. PENAL CODE ANN. § 31.07 (Vernon 1974). The jury assessed punishment at five years' confinement.

Appellant challenges the sufficiency of the evidence to support his conviction. Specifically, appellant's first ground of error alleges that the evidence was insufficient to establish that the automobile appellant was operating was the automobile alleged in the indictment.

Officer David Gutierrez of the San Antonio Police Department testified at trial that while en route to a call on June 22, 1984, he happened upon a three-car collision at the intersection of Probandt and Alamo Streets. Gutierrez arrested appellant for driving while intoxicated after observing appellant stumbling around the accident scene and then attempting to start a white Pontiac Astro. Officer Gutierrez inquired of appellant as to ownership of the vehicle. Appellant replied, "No, I don't know who owns the car. I stole it." Officer Gutierrez testified that he later "ascertained" that a Chester Duncan owned the vehicle.

Chester Duncan, the complainant, also testified at trial. He related that on June 22, 1984, he left his "little four-cylinder Pontiac" parked with the keys in the ignition in a lot next to his residence in San Antonio, Bexar County, Texas. Later that afternoon he realized the car was gone and called the police, who informed him that the car had been recovered and impounded after being involved in an accident. Duncan retrieved the vehicle the next morning.

He testified that when he got the vehicle from the impound yard it had been wrecked.

Appellant argues that Officer Gutierrez' statement that he ascertained later that a Chester Duncan owned the vehicle, is hearsay, and nonprobative even without objection.

■ Hearsay evidence has no probative value, and may not be considered in determining the sufficiency of the evidence to support a conviction. *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Crim.App.1975). Where the source of the police officer's knowledge is not established and the appellant makes no attempt to determine the source, we cannot conclude that the source was inadmissible hearsay. *McDade v. State*, 671 S.W.2d 67 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Appellant never sought to develop the source of the information upon which Officer Gutierrez ascertained the automobile owner's identity. Thus, we cannot conclude that Officer Gutierrez' statement was based upon inadmissible hearsay evidence.

■ Viewing the evidence in the light most favorable to the verdict, as we are required to do when evaluating challenges to the sufficiency of the evidence, we find that there is sufficient evidence upon which the jury could have found the automobile appellant operated was the automobile alleged in the indictment. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). As noted by the court in *Lyles v. State*, 582 S.W.2d 138 (Tex.Crim.App.1979), a case quite similar to the one before us, although evidence of the identity of the car was not developed nearly as well as it could have been or should have been, no reversible error was preserved for appeal. *See also Hefley v. State*, 489 S.W.2d 115 (Tex.Crim. App.1973).

Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges that the evidence was insufficient to prove venue, because Officer Gutierrez testified only that the accident occurred at the intersection of Alamo and Probandt Streets without specifying the city or county. We find no merit in this contention. Chester Duncan testified that his vehicle was removed without authorization from a location in San Antonio, Bexar County, Texas. Furthermore, appellant admitted having stolen a vehicle which was later shown to be the same vehicle taken from Duncan.

■ Although a plea of not guilty puts venue allegations in issue, venue need only be established by a preponderance of the evidence. *Black v. State*, 645 S.W.2d 789 (Tex.Crim.App.1983) (en banc). The evidence is sufficient to prove venue if the jury can reasonably conclude that the offense was committed in the county alleged. *Edwards v. State*, 427 S.W.2d 629 (Tex. Crim.App.1968). Since appellant admitted stealing the complainant's vehicle, and it was shown that the vehicle was stolen in Bexar County, Texas, the venue allegations were sufficiently proven.

Appellant's second ground of error is overruled.

The judgment of the court below is affirmed.