Oscar R. SALINAS, Appellant

v.

The STATE of Texas, Appellee.

No. 04–87–00435–CR.

Court of Appeals of Texas,
San Antonio.

June 30, 1989.

H. Paul Canales, San Antonio, for appellant.

Fred G. Rodriguez, Susan Scolaro, Monica Gonzalez, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and BIERY, JJ.

## OPINION

REEVES, Justice.

The jury found appellant guilty of the offense of possession of heroin. They also found that he had committed two prior felony offenses and assessed his punishment at life imprisonment in the Department of Corrections.

Appellant has raised three points of error. Appellant's first point of error is multifarious in that it alleges the trial court erred in (1) overruling his motion to suppress the contraband due to the illegality of the arrest, and (2) the evidence was insufficient to support the jury's verdict. We will answer these as separate points of error instead of requiring appellant to rebrief this case. TEX.R.APP.P. 74(p). The other points of error are that (3) the trial court erred in limiting his cross-examination and (4) appellant received ineffective assistance of counsel.

The incident giving rise to appellant's arrest occurred at the corner of Milam and Hackberry Street in San Antonio. Two San Antonio policemen, staked out near this intersection, testified to the following: The appellant was standing at the intersection when an automobile drove up and stopped. Appellant went to a dumpster, approximately twenty feet away, got a cigarette package from underneath it, removed a tin foil package and gave it to the driver. In turn, the driver gave appellant money. The appellant then returned to the intersection where he was arrested by the police officers. The officers then retrieved from under the dumpster a package similar to the one they saw placed there by appellant. Inside the package were two tin foil packets which were later found to contain heroin.

## THE ILLEGAL SEARCH

It is appellant's position that the search is illegal since there was not shown any articulate facts which would permit the

officers to make the search at the dumpster. *Smith v. State,* 542 S.W.2d 420 (Tex. Crim.App.1976). The heroin was found approximately twenty feet away from appellant under a dumpster. Appellant has not claimed any right of ownership to the dumpster; therefore, he has no standing to contest the search. The Supreme Court, in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) observed that, "a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his fourth amendment rights infringed." *Also see Chapa v. State,* 729 S.W.2d 723, 727 (Tex.Crim.App. 1987).

## THE SUFFICIENCY OF THE EVIDENCE

█ It is appellant's contention that the evidence was insufficient to support the finding that he possessed the heroin. As has been stated, the officers saw appellant remove a package from beneath the dumpster and then replace it. The detectives testified they kept their eyes on both appellant and that dumpster until one of the officers detained appellant and the other retrieved the package from the same spot where appellant had placed it. They stated no one came near the dumpster in the meantime. Appellant asserts the hypothesis that the police may have removed a different package. This was a question to be resolved by the jury. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982). Viewed in the light most favorable to the verdict, the evidence was sufficient to support the conviction. *Wilson v. State,* 654 S.W.2d 465, 467 (Tex.Crim.App.1983).

## APPELLANT'S DENIAL OF THE RIGHT OF CROSS-EXAMINATION

█ Appellant contends that he was not allowed to ascertain the location of the officers at the time that they observed him immediately before the arrest. During a pre-trial hearing, one of the officers was asked, on cross-examination, to point out on a diagram exactly where he was when he observed appellant. The detective responded that if he released that information it would detour an ongoing investigation. The officer stated: "This isn't the only case we've made there. When we release this information it will mess up any further investigation that I have—that will go on at this location." The court then questioned the officer in chambers and ruled that the witness should testify as to his distance and direction, but he did not have to testify as to a particular site. Appellant then continued his cross-examination of the detective, asking in some detail his distance from where he observed appellant, whether his view could have been obstructed, and other questions generally that were related to distance, angles and obstructions.

The scope of cross-examination of a witness is within the control and discretion of the trial court. *Castle v. State,* 748 S.W.2d 230, 233 (Tex.Crim.App.1988). In *Duran v. State,* 631 S.W.2d 524 (Tex.App.—El Paso 1982), *pet. granted, aff'd per curiam* in unpublished opinion, (Tex.Crim.App.1984), a police officer testified as to the general location of a surveillance operation which led to the arrest of the defendant. The trial court refused to permit defendant's counsel to ascertain the exact location from which the police officer had observed the illegal transaction for fear of retaliation against those who had assisted the officer in making the location available. Like the trial judge in this case, the court did allow cross-examination as to the general location, visibility, and distance of the surveillance location in order to examine and question the credibility of the witness. Although the exact location of the surveillance point in this case did not affect the security of the witness, the court found the exposure of the location would jeopardize an on-going investigation of other crimes. We conclude the cross-examination of the witness was sufficient to test his credibility as to his ability to observe the transaction which led to the arrest and conviction of appellant. We conclude the court was acting within its discretion in limiting appellant's cross-examination of the officer.

## INEFFECTIVE ASSISTANCE
## OF COUNSEL

Appellant's allegation of ineffective assistance of counsel is based upon (1) counsel's failure to ask for a continuance to secure witnesses that had been subpoenaed but where no return had been made by the sheriff and counsel's failure to object to the court's forcing him to continue to trial without these witnesses; (2) counsel's failure to object to the court's charge or to submit proposed charges on behalf of appellant; (3) counsel's failure to object to the introduction of pen packets used to enhance appellant's punishment; and (4) counsel's waiver of his final argument, thereby failing to offer any reason why the jury should mitigate appellant's punishment.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by the Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim.App.1986) sets the standards for evaluation of the effectiveness of counsel. The *Strickland* court stated:

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in the light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance ... the court should recognize that counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 104 S.Ct. at 2064–66 ... the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable *probability is a probability sufficient* to undermine confidence in the outcome. 104 S.Ct. at 2068.

■ The failure of the appellant's trial counsel to secure witnesses does not establish ineffective assistance of counsel, absent a showing that they were available

and that their testimony would have benefitted appellant's case. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983).

■ Appellant's claim that his trial attorney failed to object to the court's charge is irrelevant without a showing of what objection should have been made. *Hunnicutt v. State,* 531 S.W.2d 618, 624 (Tex.Crim.App. 1976). The same ruling applies to appellant's claim that counsel was ineffective by failing to object to the court's charge on punishment.

■ The next assertion is that counsel did not object when, during the punishment phase, only the second paragraph of the two enhancement paragraphs was read to the jury. At the beginning of the punishment phase of the trial the statement of facts showed the following:

Whereupon, at this time the second count of the indictment was read after which the following proceedings were had as follows:

THE COURT: To which the defendant pleads true or not true.

MR. LOPEZ: True, your honor.

The statement of the court reporter was incorrect. There is no second count to appellant's indictment. The court reporter was apparently referring to the two enhancement paragraphs. The judgment recites that both of the paragraphs were read by the State and the appellant pleaded true to both of them. In the absence of an affirmative showing of the record to the contrary, this court will presume appellant properly pleaded to the charging instrument. *See McDade v. State,* 671 S.W.2d 67, 70 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

■ Lastly, appellant contends that his counsel failed to provide effective assistance because he waived final argument at the punishment stage. The record reveals that the State waived its right to open the argument but reserved the right to close. Appellant's counsel also waived argument and informed the court that by waiving his argument the State had waived its right to rebut. The court disagreed stating: "She's reserved her time to argue, and I'm permit-

ting that." It is the trial strategy of some attorneys to waive final argument in an attempt to cut off the State's rebuttal. There is a strong presumption that this strategy was an exercise of reasonable professional judgment. *Strickland,* 104 S.Ct. at 2066. The State's evidence at the guilt/innocence stage had established appellant's possession and sale of heroin. The State proved at the punishment stage that appellant had a prior conviction for the sale of heroin and another for a burglary of a vehicle. In view of appellant's record, the jury's assessment of a life sentence is understandable. We are of the opinion that, if trial counsel did err in final argument, this error did not rise to ineffective assistance of counsel. Appellant has not demonstrated that there was any probability that the outcome of his trial would have been different without the errors he claims on the part of his trial counsel. This point of error is overruled.

The judgment of the trial court is affirmed.