jones 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-143-CR





JEFFREY JONES,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 912996, HONORABLE BOB PERKINS, JUDGE PRESIDING



 




 A jury found appellant, Jeffrey Jones, guilty of possession of a controlled
substance, cocaine, in an amount of less than 28 grams. Tex. Health & Safety Code Ann.
§ 481.115 (West 1992). The trial court sentenced him to twenty-five years' imprisonment. In
a single point of error, appellant challenges the legal sufficiency of the evidence to support his
conviction. We will affirm.


FACTUAL BACKGROUND


 On May 30, 1991, at approximately 8:45 p.m., a confidential informant told Austin
Police Department Officer Randy Milstead that a man known as "Jake" was distributing crack
cocaine in a laundromat/game room (1) in east Austin. The informant had been in the game room
approximately fifteen minutes before contacting Milstead. "Jake" was described as a black male,
of medium-build, wearing blue jean shorts and a white t-shirt, and was said to have a dark blue
truck with "silver mag wheels" parked outside the game room. Milstead described the area
surrounding the game room as a high density area for street-level sales of crack cocaine. After
conferring with his supervisor, Officer Milstead passed the informant's tip on to Officers James
Wolsch and Bruce Medlicott, who occupied an adjoining office. Medlicott estimated that it took
Milstead approximately ten minutes to relay the information.

 Officers Wolsch and Medlicott proceeded to the game room, dressed in police
uniforms and driving a marked police car. Two to three minutes later, around 9:00 p.m., the
officers arrived at the game room and spotted a truck that matched the informant's description. 
When they were about one car length away, Officer Wolsch turned off the police car headlights. 
The officers observed appellant walking toward the passenger side of the truck and, when the car
was four to five feet away from appellant, Officer Wolsch turn the headlights on. Appellant
"froze" and looked at the police car. The officers observed a cellophane package in appellant's
hand. Appellant opened the door of the truck, leaned in, and appeared to place something behind
the passenger seat. Appellant then shut the truck door "real quick" and walked back toward the
game room. While Officer Medlicott detained appellant, Officer Wolsch searched behind the
truck's passenger seat. Wolsch found a cellophane package, which was later determined to
contain 0.75 grams of crack cocaine. Wolsch stated that, other than the cellophane package,
nothing else was behind the seat and the interior of the truck was clean. Officer Medlicott
testified that appellant was the only person in the vicinity of the game room, except for a man next
door who looked out momentarily to see what was happening. The truck was registered to Laurie
Ballinger, whom appellant described to Wolsch as his girlfriend.


DISCUSSION


 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 
Furthermore, in circumstantial evidence cases, we cannot sustain a conviction based on
circumstantial evidence if the circumstances do not exclude every other reasonable hypothesis
except that of the defendant's guilt. Johnson v. State, 673 S.W.2d 190, 195 (Tex. Crim. App.
1984) (citing Wilson v. State, 654 S.W.2d 465, 471 (Tex. Crim. App. 1983)). (2)

 In a prosecution for unlawful possession of a controlled substance, the state must
prove that the accused exercised care, control, and management over the contraband. Cude v.
State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When an accused is not in exclusive
possession of the place where the contraband is found, it cannot be concluded that the accused had
knowledge of or control over the contraband unless there are additional independent facts and
circumstances which affirmatively link the accused to the contraband. Id.

 Three assertions underlie appellant's complaint regarding the sufficiency of the
evidence to support his conviction.

 First, appellant asserts that there is no evidence he was known as "Jake" or that he
is the same person described by the informant. He emphasizes the time lag between the
informant's presence in the laundromat and his arrest and notes that there is no testimony
describing his clothes when arrested or indicating that he was dressed similarly to the description
given by the informant. (3) We note that appellant's only challenge is to the sufficiency of the
evidence. Appellant does not challenge the admission of testimony regarding the informant's tip,
the search of the truck, or appellant's subsequent arrest. In reviewing the sufficiency of the
evidence, we will not require additional evidence linking appellant to the person described by the
informant, as long as the State otherwise proved that appellant exercised care, control, and
management over the contraband.

 Second, appellant asserts that there is no evidence linking him to the truck. He
points to evidence that he did not own the truck, was not in the truck when arrested, and was only
briefly seen leaning into the truck. Appellant also observes that there was no evidence that he
possessed a key to the truck. Our review of the record reveals sufficient evidence linking
appellant to the truck. Appellant was seen opening the door of the truck and placing a cellophane
package behind the passenger seat. Also, appellant told Officer Wolsch that the truck belonged
to his girlfriend. In any event, because appellant's actions directly linked him to the drugs, any
link to the truck was incidental. Compare Cude, 716 S.W.2d 46 (defendant not linked to drugs
found in apartment) with Gilmore v. State, 788 S.W.2d 866 (Tex. App.Houston [14th Dist.]
1990, no pet.) (defendant linked to drugs thrown into car).

 Third, appellant asserts that there is no evidence that the cellophane package
containing cocaine that was found in the truck was the same cellophane package he was observed
holding. Appellant complains that the officers did not actually observe him place the package in
the truck. The officers testified that appellant was seen placing a cellophane package behind the
truck's passenger seat, that Officer Wolsch immediately looked behind the seat and saw a
cellophane baggie containing crack cocaine, that the remainder of the area in the truck was clean
and contained nothing else, and that appellant was the only person in the vicinity. We conclude
these facts are sufficient to show that the package appellant placed in the truck and the package
recovered from the truck were the same. See Floyd v. State, 494 S.W.2d 828 (Tex. Crim. App.
1973) (linking drugs recovered from public restroom to defendant); Salinas v. State, 773 S.W.2d
779 (Tex. App.San Antonio 1989, pet. ref'd) (linking drugs recovered from dumpster to
defendant).

 After viewing the evidence in this case in the light most favorable to the
prosecution, we hold that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Furthermore, to the extent the evidence in this case was
circumstantial, we hold that the circumstances exclude every other reasonable hypothesis except
that of appellant's guilt.


CONCLUSION


 We overrule appellant's point of error and affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 29, 1994

Do Not Publish
1. The location had at one time been a laundromat, but at the time of the offense had been
converted into a game room with a pool table and video arcade games.
2. See Geesa v. State, 820 S.W.2d 154, 161-62 (Tex. Crim. App. 1991) (overruling Wilson
and requiring use of instruction on "reasonable doubt"). Because Geesa is limited to cases
tried after November 6, 1991, it does not apply to this cause, which was tried before that date.
3. Although there is no testimony specifically describing appellant or his clothing when
arrested, Officer Medlicott did testify that appellant fit the informant's description.