In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00206-CR


______________________________




PAUL ANTHONY RODRIGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01-F-0080-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Paul Anthony Rodriguez appeals his conviction by a jury for the murder of Oscar Ramirez. 
The jury found the enhancement allegations true and assessed a sentence of life imprisonment. 
Approximately six months after a motion for new trial and notice of appeal were filed, Rodriguez
expressed a wish to raise the issue of ineffective assistance of counsel. The trial court allowed trial
counsel to withdraw and appointed new counsel. The sole issue raised on appeal is ineffective
assistance of counsel.

 On April 12, 2000, Rodriguez and Ramirez were cell mates while incarcerated in the Barry
Telford Unit of the Institutional Division of the Texas Department of Criminal Justice in New
Boston, Texas. A physical altercation developed which appeared to be a normal fistfight. After the
altercation ended, Rodriguez returned to his cell and closed the door. Ramirez headed toward the
door, but collapsed in front of his cell. When medical personnel arrived, they discovered a great deal
of blood had pooled under Ramirez. Subsequent inquiry revealed that Ramirez had been stabbed
in the neck, lung, and chest wall. Despite medical attention, Ramirez died of his injuries. A search
of the area resulted in the discovery of a shank, a prison-made weapon, on the floor outside
Rodriguez' cell. Rodriguez was convicted of murder. Following the jury's assessment of
punishment, the trial court sentenced Rodriguez to life imprisonment, to be served consecutively to
his current sentence. 

 As his sole point of error, Rodriguez contends he was denied effective assistance of counsel
at trial. Rodriguez asserts his trial counsel was ineffective because she: 1) offended potential jurors
at voir dire, 2) failed to properly subpoena two defense witnesses, 3) failed to present witnesses or
make proper arguments during the punishment hearing, and 4) failed to allege ineffective assistance
of trial in her motion for new trial. 

 Both the United States and Texas Constitutions confer a right to effective representation by
counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. The Texas Court of Criminal Appeals
has held that the Texas Constitution does not impose a higher standard than the Sixth Amendment. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986). The Sixth Amendment standard, established by Strickland, requires
a defendant alleging ineffective assistance of counsel to show that his or her counsel's performance
at trial was deficient and that counsel's deficient performance prejudiced his or her defense. See
Strickland v. Washington, 466 U.S. 668 (1984); see also Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). 

 To satisfy the deficiency prong of the test, Rodriguez must prove, by a preponderance of the
evidence, that his counsel's representation fell below the objective standard of professional norms. 
Bone, 77 S.W.3d at 833. There is a strong presumption that counsel's performance was adequate. 
Id. The reason for this assumption is that the counsel at trial is better positioned to judge matters of
strategy than an appellate court reviewing a cold record. An appellate court should not "conclude
the challenged conduct constituted deficient performance unless the conduct was so outrageous that
no competent attorney would have engaged in it." Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). An ineffective assistance of counsel claim cannot be based on a difference of opinion
concerning strategy. "[T]he defendant must prove, by a preponderance of the evidence, that there,
in fact, is no plausible professional reason for a specific act or omission." Bone, 77 S.W.3d at 836. 
Further, ineffective assistance of counsel claims "must be firmly founded in the record." Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 

 Rodriguez contends trial counsel's performance amounted to ineffective assistance of counsel
during voir dire. His contention is based on two alleged deficiencies: trial counsel attacked the
prosecutor, and she offended potential jurors. Rodriguez argues that trial counsel erred in attacking
the prosecutor, which drew an objection and an instruction regarding proper voir dire. At best, this
argument concerns a difference of opinion as to trial strategy. Her attack was not a vicious
unsubstantiated personal attack, but rather an argument that the prosecutor did not want anyone on
the jury who is in a "helping profession." Her argument is clearly motivated by professional reasons. 
She desired to alienate the prosecutor in the eyes of the jury with his method of selecting jurors. This
Court should not consider the wisdom of such a strategy, since ineffective assistance of counsel
claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. Next, Rodriguez
argues his trial counsel offended prospective jurors. During voir dire, trial counsel referred to her
client as "Mr. Ramirez," which is the name of the victim, not her client. One of the jurors asked her,
"Which one are you speaking for?" Trial counsel responded she did not understand why that
mattered. The juror responded he thought the other attorney represented the State. Trial counsel
countered with, "You're the State, I am the State. I am here to protect anyone who is accused of a
crime from the power and majesty of the State. I'm trying to understand why you're concerned about
a name." Another juror later approached the trial court outside of the jury panel's hearing and told
it that "this sarcasm and all of this would turn me completely away from this attorney." Neither
potential juror, however, was selected for the jury. Rodriguez argues that such "outrageous and
totally unreasonable behavior" of trial counsel had a significant impact on the jury, as evidenced by
the effect on these two potential jurors. The State contends trial counsel simply misspoke and mixed
up the names of the victim and her client, an easy mistake to make. Further, the State argues trial
counsel became embarrassed and tried to minimize her mistake. The State argues that such an
understandable error does not constitute deficient performance and places an impossibly high
standard of "human infallibility upon trial attorneys." Further, the State argues that the disgust the
potential juror expressed toward trial counsel represents nothing more than personal dislike and does
not constitute deficient performance. 

 There is no requirement that trial counsel be liked by a jury. Trial counsel may have been
attempting to get the juror to show bias or other cause to be struck. "If counsel's reasons for his
conduct do not appear in the record and there is at least the possibility that the conduct could have
been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective
assistance claim on direct appeal." Ortiz v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002)
(counsel's failure to object to the State's challenges for cause was not ineffective assistance). Since
there is the possibility that trial counsel's performance during voir dire may have been motivated by
plausible professional reasons, it was not deficient.

 Next, Rodriguez contends trial counsel was ineffective because she failed to subpoena two
potential defense witnesses. Trial counsel claimed she had relied on the witnesses, Lieutenant
Gooden and Major Melvin, testifying at the trial because they were on the State's witness list. The
State contends she was able to present the evidence she wanted from these witnesses by recalling
another State's witness, Sergeant Susan Thomas. However, the record does not contain any evidence
of the substance of these witnesses' testimony or of the importance of these witnesses to Rodriguez'
case. Direct appeal is a poor vehicle to bring an ineffective assistance of counsel claim. Direct
appeals often present a limited record for review of the typical issues raised in an ineffective
assistance point. (1) One way to get evidence of counsel's trial strategy or other matters in the direct
appeal record is through a motion for new trial. Another way to develop a proper record is through
a hearing in a habeas corpus collateral attack. See generally Tex. Code Crim. Proc. Ann. arts.
11.01-11.64 (Vernon 1992 & Supp. 2003). The trial record does not support Rodriguez' argument
that failure to call two potential witnesses resulted in ineffective assistance of counsel. See Holland
v. State, 761 S.W.2d 307, 321 (Tex. Crim. App. 1988) (the record must support appellant's claims
of ineffective assistance). Therefore, based on the evidence presented, failure to subpoena two
defense witnesses fails to overcome the presumption of effective assistance of counsel.

 Third, Rodriguez argues that trial counsel's performance at the punishment phase amounted
to ineffective assistance of counsel. Under current Texas law, the Strickland standard applies at
punishment as well. See Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). Rodriguez
contends that trial counsel's 1) opening statement, 2) failure to present witnesses, and 3) closing
statement amounted to ineffective assistance of counsel. Rodriguez argues that the effect of his trial
counsel's performance at punishment amounted to no counsel at all. 

 After originally waiving her opening statement, trial counsel expressed a desire to make a
statement. After conversing with the trial court and prosecutor concerning whether she was going
to make a statement, trial counsel spontaneously said, "Oh, never mind," and did not to give an
opening statement. Trial counsel's decision on whether to make an opening statement could be a
matter of trial strategy. See Taylor v. State, 947 S.W.2d 698, 704 (Tex. App.-Fort Worth 1997, pet.
ref'd); Standerford v. State, 928 S.W.2d 688, 697 (Tex. App.-Fort Worth 1996, no pet.). The fact
that she changed her mind does not affect the status of the decision as a matter of trial strategy. Trial
counsel may have decided, based on plausible professional reasons, at the spur of the moment, not
to give an opening statement. Since trial counsel's decision may have been based on plausible trial
strategy, Rodriguez has not overcome the presumption of effective assistance.

 Trial counsel presented no witnesses during the punishment phase of the trial. Rodriguez
asserts that such a decision is ineffective assistance. The failure to call witnesses may be ineffective
assistance of counsel. Butler v. State, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986) (failure to present
available alibi witnesses deemed ineffective assistance of counsel). However, such witnesses must
be shown to be available and to actually benefit the defense. Id.; Simms v. State, 848 S.W.2d 754,
758 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). The State argues that presentation of defense
witnesses may have been detrimental to Rodriguez. The State had presented testimony Rodriguez
had been convicted of three violent felonies and was a member of a prison gang. The State argues
trial counsel could reasonably conclude that any defense witnesses would have been incredible and
ineffective. We are not provided with any evidence that defense witnesses existed. Even if defense
witnesses existed, "defense counsel could have reasonably determined that the potential benefit of
additional witnesses or evidence was outweighed by the risk of unfavorable counter-testimony." 
Bone, 77 S.W.3d at 835. At best, Rodriguez' argument concerns a difference of opinion as to trial
strategy. Because plausible professional reasons exist for not calling witnesses at the punishment
phase, trial counsel's actions were not ineffective assistance of counsel.

 Trial counsel's final argument consisted of an explanation of parole, which was interrupted
by an objection that was sustained, a request for fifteen years, and a plea to the jury not to fine
Rodriguez. There are many reasons for a brief final argument. Ineffective assistance of counsel
claims cannot be "built on retrospective speculation." Bone, 77 S.W.3d at 835. Waiving the final
argument at the punishment phase has been held to be acceptable trial strategy. Salinas v. State, 773
S.W.2d 779, 783 (Tex. App.-San Antonio 1989, pet. ref'd); see Ortiz v. State, 866 S.W.2d 312, 315
(Tex. App.-Houston [14th Dist.] 1993, pet. ref'd) (a short, incoherent final argument at punishment
is not ineffective assistance of counsel). Since trial counsel's brief final argument may have been
based on trial strategy, Rodriguez has not overcome the presumption of effective assistance of
counsel.

 Lastly, Rodriguez argues trial counsel did not effectively represent him because she failed
to allege ineffective assistance of counsel in her motion for new trial. Rodriguez contends trial
counsel should have ascertained his desire to argue ineffective assistance of counsel earlier and
withdrawn. Rodriguez argues that trial counsel is obligated to determine at the earliest possible
moment whether his or her client desires to raise the issue of ineffective assistance of counsel and
to withdraw if they so desire. Rodriguez fails to cite any caselaw which requires such a
determination. The State argues that, from a practical standpoint, courts cannot expect an attorney
to allege his or her own assistance was ineffective. (2) In Oldham, when the defendant filed a pro se
notice of appeal and appellate counsel was not appointed until after the deadline to file a motion for
new trial, the Texas Court of Criminal Appeals refused to grant an out-of-time motion for new trial. 
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). The court held that, in the absence
of evidence to the contrary, it is presumed trial counsel advised the defendant of the merits of a
motion for new trial. Id. "When a motion for new trial is not filed in a case, the rebuttable
presumption is that it was considered by the appellant and rejected." Id. The court further held that
the filing of a pro se notice of appeal is evidence the appellant in the case was "informed of at least
some of her appellate rights," and the court would "presume she was adequately counseled unless
the record affirmatively displays otherwise." Id.; see Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim.
App. 2000). Rodriguez' trial counsel did file a motion for new trial, which indicates she informed
him of at least some of his appellate rights. Since the record does not contain evidence trial counsel
failed to discuss ineffective assistance of counsel with Rodriguez, we hold that Rodriguez has not
overcome the presumption that counsel's performance was adequate. See Oldham, 977 S.W.2d at
363.

 Further, as the State asserts and Rodriguez concedes, claims of ineffective assistance of
counsel must be evaluated based on the totality of the circumstances. Rodriguez contends, however,
that the totality of the circumstances reveals his counsel was ineffective. This Court must be able
to conclude that trial counsel's actions amounted to ineffective assistance of counsel based on the
totality of the circumstances. "The right to 'reasonably effective assistance of counsel' does not
guarantee errorless counsel, or counsel whose competency is to be judged by hindsight." Ex parte
Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993) (quoting Saylor v. State, 660 S.W.2d 822, 824
(Tex. Crim. App. 1983)). A single error renders counsel's performance ineffective only if it
permeates the entirety of the representation. Jackson v. State, 766 S.W.2d 518 (Tex. Crim. App.
1988). The Texas Court of Criminal Appeals has further explained that:

 Isolated instances in the record reflecting errors of commission or omission do not
cause counsel to become ineffective, nor can ineffective assistance of counsel be
established by isolating or separating out one portion of the trial counsel's
performance for examination.

Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The record reveals trial counsel
performed proficient cross-examinations and closing argument at the guilt/innocence phase of trial. 
She presented the jury with a viable argument that Rodriguez' actions were in self-defense and the
prison had not adequately followed procedures. She also performed proficient cross-examinations
at the punishment phase. None of the alleged errors asserted by Rodriguez appears to permeate the
entirety of the representation. Based on the totality of the circumstances, trial counsel's performance
was not ineffective assistance of counsel. 

 The second prong of the ineffective assistance of counsel test is whether the defendant's trial
was prejudiced by trial counsel's deficiency. A defendant does not meet this burden by merely
showing that an error had some conceivable effect on the outcome of the trial. Strickland, 466 U.S.
at 693. The defendant, though, is not required to show that the outcome was fundamentally unfair
or unreliable. Williams v. Taylor, 529 U.S. 362, 393 (2000). The defendant must show a
"reasonable probability" that, but for the error, the result of the trial would have been different. 
Strickland, 466 U.S. at 693. "A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Thompson, 9 S.W.3d at 812. Because trial counsel's performance at
trial was not deficient, there is no need to examine the second requirement of Strickland. Further,
Rodriguez makes no showing in his brief of how the alleged deficient performance of trial counsel
raises a reasonable probability that the result of the trial would have been different, other than
alleging it is "reasonably probable that the result would have been different." In the absence of such
a showing, we do not find that the trial court's judgment should be reversed due to ineffective
assistance of counsel.

 Trial counsel's performance was not deficient based on the totality of her representation. 
Rodriguez has not shown a "reasonable probability" that the result of the trial would have been
different.

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: July 10, 2003

Date Decided: July 31, 2003


Do Not Publish
1. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed). When a direct appeal
has not provided an adequate record to evaluate a claim that might be substantiated through
additional evidence gathered in a habeas proceeding, the court will not apply the doctrine that forbids
raising a claim on habeas after it was rejected on appeal. Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997). 
2. The Texas Court of Criminal Appeals has recognized that alleging ineffective assistance of
counsel in a motion for new trial "is inherently unlikely if trial counsel remains counsel during the
time required to file such a motion." Ex parte Graves, 70 S.W.3d 103, 125 (Tex. Crim. App. 2002)
(quoting Torres, 943 S.W.2d at 475). Because of this shortcoming, "in most ineffective assistance
claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate
such claims." Graves, 70 S.W.3d at 125 (quoting Torres, 943 S.W.2d at 475).