COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

LUKE CASSIDY BOLTON,                  §

        Appellant,                §

v.                                    §

THE STATE OF TEXAS,                   §

        Appellee.                 §

                               §

No. 08-10-00091-CR

Appeal from the

97th District Court

of Montague County, Texas

(TC# 2008-0000172M-CR)

## O P I N I O N

Appellant, Luke Cassidy Bolton, was convicted of assault-family violence, sentenced to ten years' imprisonment, and assessed a $10,000 fine. In two issues on appeal, he challenges the trial court's denial of his motion to suppress and motion for directed verdict. We affirm.

## BACKGROUND

As a prisoner in the Montague County Jail, Appellant began a relationship with Darlene Walker, who was employed as a detention officer. The relationship soon became sexual, and Walker was later indicted for improper sexual activity with a person in custody. Nevertheless, the relationship continued, and once Appellant was released from the jail, he and Walker moved into a house in Bowie, Texas.

Subsequently, on August 18, 2008, Walker, in an attempt to get Appellant to stop physically abusing her, asked that they go get pizza. As they drove from their residence towards the Pizza Hut in Bowie, Walker told Appellant that she wanted him to leave, and in response, Appellant struck Walker several times with a closed fist. Appellant further struck Walker when they turned onto a dirt road close to Nocona, a town in Montague County. At that point, Appellant stopped the car and

digitally penetrated Walker's vagina and anus. When they stopped at a gas station in Pilot Point, Walker escaped and reported Appellant's conduct to Pilot Point Officer Reese Dunn.

## DISCUSSION

Appellant's first issue contends that the trial court abused its discretion by denying his motion to suppress a recording of a phone call between him and Investigator Robert Powell. According to Appellant, his rights to due process were violated when Investigator Powell, prior to recording the conversation, failed to inform him of his rights and that he was the suspect in the case. Thus, Appellant concludes that his oral statement was involuntary and inadmissible.

Our jurisprudence mandates that no oral statement of an accused made as a result of custodial interrogation shall be admissible unless the accused knowingly, intelligently, and voluntarily waived his rights after being administered his *Miranda*[1] warnings. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (Vernon 2005); *Herrera v. State*, 241 S.W.3d 520, 525-26 (Tex. Crim. App. 2007). However, that rule only applies when the accused was interrogated while "in custody." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2; *Herrera*, 241 S.W.3d at 525-26. If the accused was not in custody, failure to advise him of his rights does not preclude the admission of his statement. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 2005); *Herrera*, 241 S.W.3d at 526. A person is in custody if under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994); *Herrera*, 241 S.W.3d at 525-26.

Here, the record reflects that as Investigator Powell investigated Walker's allegation, he learned that Appellant had called the police station and requested that the police return his call. Thus, Investigator Powell placed a call to Appellant, and unbeknownst to Appellant, recorded the

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

phone call.[2] Appellant, who was washing clothes in Oklahoma, was not in police custody, nor had he been arrested. During the conversation, Appellant volunteered that he spoke to the Montague County Sheriff's Office about his actions, explained that he got mad when Walker supposedly downloaded images to a phone, admitted that he was guilty of domestic violence but denied that he took Walker against her will, and claimed that he would come in the next week to turn himself in.

Based on these facts, it is clear that Appellant was not in custody, that is, he was not under arrest nor was his freedom of movement restrained or otherwise restricted by law enforcement, when he participated in a phone call with Investigator Powell. Appellant was washing clothes in another state. He was not in police custody, nor had he been arrested. Nothing in the record suggests that he was in the company of any law-enforcement officials. Simply participating in a phone call with a detective from a non-police location is not tantamount to custodial interrogation. *See Jones v. State*, No. 05-96-01415-CR, 1998 WL 91298, at *1-2 (Tex. App. – Dallas Feb. 26, 1998, no pet.) (op., not designated for publication) (finding the defendant was not in custody when he returned the phone call of a detective and responded to his questions since the defendant could have hung up and refused to speak to the officer). Because Appellant was not in custody, Investigator Powell was not required to admonish him of his rights. *See Wilson v. State*, 195 S.W.3d 193, 200 (Tex. App. – San Antonio 2006, no pet.) ("Because Wilson was not in custody while being questioned, the failure to advise him of his rights did not make the statements inadmissible under either *Miranda* or article 38.22."); *Rodriguez v. State*, 939 S.W.2d 211, 217 (Tex. App. – Austin 1997, no pet.) (because "appellant was not in custody nor was he subjected to custodial interrogation at the time the statement was given[,]" neither "*Miranda* [nor] article 38.22" came "into play").

Appellant also asserts that Investigator Powell was required to first inform him of the specific

---

[2] According to Investigator Powell, he routinely recorded telephone conversations.

crime being investigated before questioning. However, we have found no case law that espouses such a proposition, and Appellant has pointed us to none. To the contrary, a confession will not be deemed involuntary simply because the police did not first inform the suspect of the specific crime being investigated. *See Buckley v. State*, No. 05-05-00098-CR, 2006 WL 401201, at *2 (Tex. App. – Dallas Feb. 22, 2006, no pet.) (op., not designated for publication) ("police are not required to inform a suspect of the specific crime being investigated before a confession is voluntary") (citing *Martinez v. State*, 131 S.W.3d 22, 34 n.2 (Tex. App. – San Antonio 2003, no pet.)).

In short, because Appellant was not in custody when he spoke to Investigator Powell on the phone, we find Appellant's oral statement voluntary and that nothing barred the admission of the recorded phone call into evidence. The trial court, therefore, did not abuse its discretion by denying Appellant's motion to suppress. Issue One is overruled.

In Issue Two, Appellant contends that the trial court erred by denying his motion for directed verdict. According to Appellant, the State failed to prove that the offense occurred in Montague County. We disagree.

We review the evidence for legal sufficiency when determining whether a trial court erred by denying a motion for directed verdict. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Therefore, when, as here, the challenge is to the State's failure to prove venue, we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found venue was proven. *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). In so doing, we are mindful that the trier of fact may make reasonable inferences from the evidence to decide the issue of venue. *Bordman v. State*, 56 S.W.3d 63, 70 (Tex. App. – Houston [14th Dist.] 2001, pet. ref'd).

Venue is proper in the county where the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 13.18 (Vernon 2005). It may be proven by circumstantial as well as direct evidence. *Stanley v. State*, 471 S.W.2d 72, 77 (Tex. Crim. App. 1971); *Bollinger v. State*, 224 S.W.3d 768, 776 (Tex. App. – Eastland 2007, pet. ref'd). The State need only prove venue by a preponderance of the evidence. *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005)). "[I]f there is evidence establishing venue by a preponderance, we are not authorized to reverse the judgment on sufficiency of the evidence grounds." *Gabriel*, 290 S.W.3d at 436.

Here, Walker testified that she and Appellant lived together in a house in Bowie, Texas. She further stated that Bowie is a town situated in Montague County. In describing when Appellant first struck her, Walker relayed that they were near the Allsup's store, heading from their house and towards the Pizza Hut in Bowie. Moreover, Appellant contacted the Montague County Sheriff's Office about the incident. From this evidence, the jury could have rationally inferred that the offense occurred in Montague County. *See Batista v. State*, 702 S.W.2d 282, 284 (Tex. App. – San Antonio 1985, no pet.) (officer testimony that vehicle was removed from a certain location in San Antonio, Bexar County, Texas, and later involved in an accident at a certain intersection without specifying which city or county that intersection was in, was sufficient to prove venue in Bexar County); *Gill v. State*, 646 S.W.2d 532, 533 (Tex. App. – Houston [1st Dist.] 1982, no pet.) (noting responding officer's employment with city factor to consider in determining sufficient evidence of venue). Accordingly, we find the evidence legally sufficient to establish venue by a preponderance such that the trial court did not err by denying Appellant's motion for directed verdict. Issue Two is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)