**Opinion issued September 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00772-CR

———————————

**ERNEST IRA FIELDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1473576**

## O P I N I O N

Ernest Fields was convicted of aggravated assault of a family member and

sentenced to 40 years' confinement.[1] In two issues, he argues that (1) the State

---

[1]    TEX. CODE CRIM. PROC. ANN. art. 26.01.

failed to properly arraign him and (2) the trial court improperly excluded testimony from his ex-wife about his mental state. We affirm.

## Background

The complainant, Fields's ex-wife, testified that on at least two occasions during her 54-year marriage to Fields, Fields attacked or threatened to attack her. She testified that on the first such instance, Fields, without any provocation, pointed a gun at her, declared that he should shoot her, and then shot the wall above her head. The second time, Fields jumped on her, beat her, and threatened to shoot her.

After this second incident, Fields's wife called the police. When the police arrived, they found her crying and shaking. She showed the police bruises on her body. The police arrested Fields, who then, according to one officer, "cussed and made derogatory comments about his wife." After this incident but before trial, Fields and his wife divorced.

During Fields's trial, his attorney attempted to cross examine Fields's ex-wife on whether Fields (1) "had a little Alzheimer's or little dementia coming on," (2) had "been evaluated for any mental disease," or (3) was "sick." After asking these three questions—and the State's objections to each question being sustained—Fields's attorney approached the bench at the judge's request and told

the judge that he thought this testimony would provide mitigation evidence. The trial court sustained the State's relevancy objections.

The jury found Fields guilty of aggravated assault of a family member. Although the reporter's record shows that Fields was arraigned once before the trial on the merits, it does not show whether Fields was arraigned on the enhancement before the punishment phase of his trial. But at the opening of the punishment phase, the trial judge said that Fields "intends to plead not true to the enhancement paragraph," which stated that Fields had been found guilty of a prior felony offense.

After the punishment phase, the jury found the enhancement paragraph true and sentenced Fields to 40 years' confinement.

**Arraignment**

In his first issue, Fields contends that he was not arraigned on the enhancement paragraph, which increased his possible punishment range, before the punishment phase of trial and that by "not arraigning [him] on the alleged enhancement, the State abandoned" it.

An arraignment is "the initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charges and to enter a plea." *Arraignment*, BLACK'S LAW DICTIONARY (9th ed. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 26.02. In all felony cases and cases punishable by imprisonment,

3

the trial court must arraign the accused. TEX. CODE CRIM. PROC. ANN. art. 26.01. At the beginning of the punishment phase of trial, the prosecutor must read the enhancement allegations to the jury, and the trial court must receive the defendant's plea. *Id.* art. 36.01(a)(1).

We must presume that the "defendant was arraigned" unless the defendant "dispute[s]" this in the trial court or "the record affirmatively shows the contrary . . . ." TEX. R. APP. P. 44.2(c)(3); *see Lincoln v. State*, 307 S.W.3d 921, 922 (Tex. App.—Dallas 2010, no pet.); *Hunt v. State*, 994 S.W.2d 206, 211 (Tex. App.—Texarkana 1999, pet. ref'd); *Hazelwood v. State*, 838 S.W.2d 647, 651 (Tex. App.—Corpus Christi 1992, no pet.). "Recitals in a judgment create a 'presumption of regularity and truthfulness,' and these recitals are binding unless there is direct proof of their falsity." *Lincoln*, 307 S.W.3d at 922 (quoting *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984)). A record that is silent as to whether the prosecution read an enhancement paragraph before the sentencing phase of a trial does not "affirmatively show[]" error. *Hazelwood*, 838 S.W.2d at 651. To "dispute" the prosecutor's failure to read the enhancement paragraph and, thus, preserve this issue for appellate review, the defendant can file a motion for new trial, bill of exception, or motion to arrest judgment. *Salinas v. State*, 888 S.W.2d 93, 101−02 (Tex. App.—Corpus Christi 1994, pet. ref'd).

The record is silent as to the form of the arraignment Fields received before the punishment phase of his trial. The only mention of an arraignment before the punishment phase is the trial judge's statement that Fields "intends to plead not true to the enhancement paragraph"—a statement that suggests Fields was arraigned before the punishment phase. And the judgment reflects that he did enter a plea of "not true." On such a silent record, and given that Fields did not object in the trial court that he had not been properly arraigned, we must presume that he was properly arraigned. *See* TEX. R. APP. P. 44.2(c)(3); *Lincoln*, 307 S.W.3d at 922.

Even if the record affirmatively showed that the State did not read the enhancement paragraph in front of the jury, we would affirm because such error would be harmless. Failure to read an enhancement paragraph is statutory rather than constitutional error. *Jackson v. State*, 105 S.W.3d 321, 330 & n.3 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999)). Accordingly, we would review such error for harm by asking whether the error affected Fields's substantial rights. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007); *Llamas v. State*, 12 S.W.3d 469, 471 (Tex. Crim. App. 2000); *Linton*, 15 S.W.3d at 620. When a defendant takes the stand and incriminates himself in the mistaken belief that the

5

State is not pursuing the enhancement, this degree of harm is shown. *Turner v. State*, 897 S.W.2d 786, 789 (Tex. Crim. App. 1995). But the failure to read the enhancement paragraph does not affect the defendant's rights when, as here, the defendant enters a plea of "not true," does not testify, and does not challenge the evidence of the prior conviction, and the record does not otherwise reflect that the defendant was misled into believing the State had abandoned the enhancement. *See Linton*, 15 S.W.3d at 621. Thus, even if the record supported Fields's argument, we would conclude that any error resulting from the State's failure to read the enhancement paragraph was harmless.

Accordingly, we overrule Fields's first issue.

## Fields's Mental State

In his second issue, Fields contends that the trial court erred by excluding his ex-wife's testimony about his mental state because this evidence was "[o]bviously . . . relevant to [his] state of mind."[2]

---

[2] Fields also argues that, by failing to allow this testimony, the trial court violated his right under the Sixth Amendment to the United States Constitution to confront and cross-examine witnesses against him. For a party to preserve an issue for appeal, it must make a timely, specific objection on the alleged error and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). Even a potential constitutional violation can be waived if the party fails to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Fields never presented his Sixth Amendment argument to the trial court and, therefore, waived it on appeal.

## A.    Standard of review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). Under the abuse-of-discretion standard, we will not reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

## B.    Mental state not relevant

Although Texas does not recognize "diminished capacity" as an affirmative defense, a defendant can attempt to use diminished capacity to negate the *mens rea* element of a crime, which, in the case of assault, requires that the defendant "intentionally or knowingly" committed the assault. TEX. PENAL CODE ANN. § 22.01−22.02; *Ruffin v. State*, 270 S.W.3d 586, 594 (Tex. Crim. App. 2008); *Jackson v. State*, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005). A defendant's diminished capacity prevents him from acting "intentionally or knowingly" when, "as a result of severe mental disease or defect, [he] did not know that his conduct was wrong." TEX. PENAL CODE ANN. § 8.01. If the evidence does not "truly negate the required *mens rea*"—that is, show that the defendant could not have acted intentionally or knowingly—then it may be excluded as irrelevant. *Ruffin*, 270 S.W.3d at 596; *see Mays v. State*, 318 S.W.3d 368, 381−82 (Tex. Crim. App. 2010). And when, like here, a trial court sustains a relevancy objection, to preserve

7

error, the offering party must inform the court of the evidence's "substance by an offer of proof, unless the substance was apparent from the context." Tᴇx. R. Eᴠɪᴅ. 103(a)(2).

For example, *Iniquez v. State* held that the trial court correctly excluded a psychologist's testimony that the defendant possibly suffered from post-traumatic stress disorder (PTSD) because that testimony did not negate the defendant's *mens rea*. 374 S.W.3d 611, 619 (Tex. App.—Austin 2012, no pet.). The defendant did not present any evidence that he had PTSD or that a PTSD diagnosis would have affected his intent at the time of the assault. *Id. Iniquez* held that an unconfirmed suspicion of PTSD was irrelevant to the defendant's "ability to form the necessary mens rea, or alternatively, [was] of such limited probative value that its relevance [was] substantially outweighed by its potential to mislead the jury." *Id.*

Similar to *Iniquez*, there was no evidence that Fields actually had dementia or Alzheimer's or that he had received such a diagnosis before assaulting his ex-wife. Fields's only offer of proof was his attorney's statement that Fields's ex-wife "told me she thought he had Alzheimer's, he was not thinking good." This offer of proof did not include information about a medical diagnosis, why Fields's ex-wife thought he might have dementia, any details on particular difficulties in his cognitive abilities or the extent of those difficulties, whether he was receiving special assistance, or his state of mind at the time of the assault. Because the offer

failed to include any evidence of diminished capacity beyond unsupported speculation, the offered testimony was insufficient to negate *mens rea* and, as a result, was not relevant. *See Clark v. Arizona*, 548 U.S. 735, 740–41, 126 S. Ct. 2709, 2715 (2006); *Iniquez*, 374 S.W.3d at 619.

The trial court did not abuse its discretion by excluding Fields's ex-wife's testimony on Fields's mental state. We, therefore, overrule Fields's second issue.

## Conclusion

We affirm Fields's conviction.

Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Publish. TEX. R. APP. P. 47.2(b).