

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00755-CR

Jonathan Andrew **PERALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0068
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: January 8, 2020

AFFIRMED

Jonathan Perales appeals his conviction for capital murder.  He argues that his mental

health expert should have been allowed to testify about Perales's attention-deficit/hyperactivity

disorder (ADHD) during the guilt phase of his trial, and that excluding that testimony violated

Perales's right to due process.  We affirm the trial court's judgment.

### BACKGROUND

Jonathan Perales drove to a neighborhood in Universal City at night, picked out a house to

burglarize, knowing that the cars parked at the home suggested that people were likely asleep

inside. On that night, the Robinson family forgot to lock their back door, and Perales slipped in unnoticed. Perales made two trips into the house and back to his car with the family's possessions. Before his third trip into the house, Mrs. Robinson awoke to use the bathroom.

Upon hearing a noise, Mrs. Robinson peered out her bathroom window and saw Perales in the driveway. She went back into her bedroom and woke Mr. Robinson to tell him that something was wrong. He collected his gun and flashlight and went to his bedroom door. Mr. Robinson shouted at Perales, who had reentered the house, to leave.

The two men exchanged gunfire, and both were hit.

Perales made his way out of the house and drove a short way down the street before he abandoned his car and knocked on Mr. Robinson's neighbor's door. Perales was scared about the severity of his gunshot wounds and wanted someone to call an ambulance.

Meanwhile, Mrs. Robinson held her husband with a pillow under his wound for support while he bled internally. Mrs. Robinson's daughter called the police. Although emergency personnel responded quickly, Mr. Robinson died from a gunshot wound to the chest.

Perales was charged with capital murder.

At trial, neuropsychologist Dr. Daneen Milam testified that she met with Perales at the jail and spent several hours administering a series of psychological tests. She testified that Perales was dyslexic, which presented testing challenges, and that he suffered from ADHD, which affected Perales's rational decision-making ability. Perales presented the doctor's testimony to show his diminished ability to form the requisite mens rea for murder, i.e., intent. Dr. Milam testified to Perales's impulsivity as a result of ADHD, but not to his inability to form intent to commit an act. The trial court excluded Dr. Milam's proffered testimony on how Perales's brain was affected by

ADHD and dyslexia because it was not relevant to whether Perales acted intentionally. A jury convicted Perales of capital murder.

Perales appeals.

### STANDARD OF REVIEW

We review the trial court's decision to exclude evidence of mental illness for an abuse of discretion. *Henry v. State*, 466 S.W.3d 294, 298 (Tex. App.—Texarkana 2015) (citing *Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005)).

### EXCLUDED EXPERT TESTIMONY

Citing *Ruffin* v. *State*, 270 S.W.3d 586 (Tex. Crim. App. 2008), Perales argues that Dr. Milam should have been permitted to testify in full about Perales's difficulty with impulse control and formation of intent due to his ADHD, and that the trial court erred by finding Dr. Milam's testimony irrelevant to the guilt phase.

#### A.   Applicable Law

"Texas does not recognize diminished capacity as an affirmative defense." *Henry*, 466 S.W.3d at 298 (quoting *Smith v. State*, 314 S.W.3d 576, 590 (Tex. App.—Texarkana 2010, no pet.) (citing *Ruffin*, 270 S.W.3d at 593; *Jackson*, 160 S.W.3d at 573)). However, "[a]s with the other elements of the offense, relevant evidence may be presented . . . to negate the mens rea element. And, this evidence may sometimes include evidence of a defendant's history of mental illness." *Jackson*, 160 S.W.3d at 574; *see also Ruffin*, 270 S.W.3d at 594 (citing *In re Winship*, 397 U.S. 358, 363–64 (1970)) (holding that mens rea is a statutory element that the State must prove beyond a reasonable doubt, making evidence of its absence relevant as a matter of due process).

The determination of whether mental health evidence actually demonstrates the absence of proof for the required mens rea lies within the purview of the trial judge's sound discretion. *See*

*Jackson*, 160 S.W.3d at 575 (reviewing the trial court's decision to include or exclude mental health testimony for an abuse of discretion); *Fields v. State*, 507 S.W.3d 333, 336–37 (Tex. App.— Houston [1st Dist.] 2016, no pet.). If the evidence supporting diminished capacity does not truly negate the required mens rea for an offense, that is, show that the defendant could not have acted intentionally or knowingly, then it may be excluded as irrelevant. *Fields*, 507 S.W.3d at 336–37; *see also Ruffin*, 270 S.W.3d at 588, 595 (reaffirming decision in *Jackson* and holding that both lay and expert testimony of a mental disease or defect that directly rebuts the particular mens rea necessary for the charged offense is relevant and admissible unless excluded under a specific evidentiary rule, such as Rule 403). In other words, "[i]f evidence of a defendant's mental illness does not directly rebut a defendant's culpable mens rea, a trial court is not required to admit it." *Henry*, 466 S.W. 3d at 299 (citing *Mays v. State*, 318 S.W.3d 368, 382 (Tex. Crim. App. 2010)).

**B.     Analysis**

The diminished-capacity doctrine at issue in this case is a failure-of-proof defense in which Perales hoped to show that the State failed to prove that he had the required state of mind at the time of the offense. *See Jackson*, 160 S.W.3d at 573. But Dr. Milam's testimony established that Perales was likely to make unreasoned choices, not that he was incapable of forming the intent to shoot a person *See Ruffin*, 270 S.W.3d at 594. Because Dr. Milam's testimony did not directly rebut intent, the trial court was not required to admit it. *See id.* at 596. After hearing a portion of Dr. Milam's testimony, the trial court acted within its discretion to exclude the remainder as irrelevant.[1] *See Fields*, 507 S.W.3d at 337.

---

[1] Although Perales did not make a formal offer of proof, the attorneys and the trial court discussed at length the testimony that Dr. Milam would give. The record provides conclusive proof that "the substance of the [excluded] evidence was made known to the court," *see Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 103(a)(2)), and we conclude Perales preserved a claim of error, *see id.*; *see also* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1.

Perales relies on *Ruffin* to argue that the court should have allowed his mental health expert to continue her testimony, but that case is distinguishable. *See Ruffin*, 270 S.W.3d 586. In *Ruffin*, the defendant's mental health evidence was relevant to negate specific intent because he had been charged with first-degree aggravated assault for shooting at police even though his mental delusions convinced him that he was shooting at a trespasser. *See id.* at 594. Due to Ruffin's delusions, he could not form the intent to shoot at police as required for first-degree aggravated assault, and the State could not meet its burden of proof. *See id.* Ruffin was nonetheless culpable for aggravated assault in the second degree because he intended to shoot at people. *See id.* at 591, 594.

In general, presenting evidence of mental illness does not then allow the defense to argue that the defendant lacks the capacity to intentionally or knowingly perform an act. *See Jackson*, 160 S.W.3d at 574–75. In this case, unlike in *Ruffin*, the State had only the burden to prove that the defendant intended to commit an act, which Perales's expert could not rebut. *See id.* Under this framework, Dr. Milam's proffered testimony about how ADHD and dyslexia affect the brain was not relevant to whether Perales acted intentionally, and the trial court did not abuse its discretion to exclude it. *See id.*; *Mays*, 318 S.W.3d at 381 (concluding that evidence of mental illness, including paranoid ideation, informs motive to kill, rather than state of mind, and is relevant to punishment rather than guilt); *Williams v. State*, 502 S.W.3d 262, 276 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that evidence of post-traumatic stress disorder was not appropriate to mitigate guilt).

Since we find no error in the trial court's ruling, we do not address Perales's argument regarding harmless error. *See* TEX. R. APP. P. 47.1; *Burleson v. State*, 819 S.W.2d 537, 539 (Tex.

Crim. App. 1991) (Baird, J., concurring) ("[W]ithout error there can be no harm and a harmless error analysis is wholly unnecessary.").

## CONCLUSION

The trial court did not abuse its discretion by excluding Dr. Milam's proffered testimony about how Perales's brain was affected by ADHD and dyslexia as irrelevant to the question of whether Perales acted intentionally.

The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Do Not Publish