**Affirmed and Opinion Filed December 4, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00779-CR**

**GRADY LEE BROWN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 20-50269-CC-F**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

A jury convicted appellant Grady Lee Brown of driving while intoxicated with two or more previous convictions under Texas Penal Code § 49.09(b) and sentenced him to seven years' confinement. He raises six issues on appeal regarding various evidentiary rulings and the denial of his motion to suppress evidence. We affirm the trial court's judgment.

## Background

On June 4, 2020, around 10 p.m., appellant swerved to miss a car that he claimed ran a stop sign. He landed in a roadside ditch.

Kelley and Brad Jones were driving home from dinner when Brad observed headlights appear in his rearview mirror and then suddenly disappear, which "just looked odd." He told Kelley he thought someone drove off the road, so they turned around and went back. Upon confirming a truck had "gone off the road," Kelley contacted 9-1-1 while Brad went toward the vehicle to assist. He noticed appellant leaning against the outside of his truck. As Brad approached the truck, he heard loud music playing. He yelled at appellant twice and asked if he was okay, but appellant did not respond. Brad returned to his car and waited for officers to arrive.

Officer Michael Holt responded to the 911 dispatch call from Kelley. Officer Holt observed a truck in the grassy median between the Rose Hill off-ramp and Interstate 20. Another officer told him the vehicle smelled strongly of alcohol, and alcohol was inside the truck.

When Officer Holt saw appellant, he was in the back of an ambulance strapped to a gurney. Officer Holt smelled alcohol on his breath, and his eyes were glossy. Appellant admitted he consumed one malt liquor and poured another one into a resealable container before driving, but he denied being intoxicated.

Officer Holt performed a horizontal gaze nystagmus test while appellant was in the back of the ambulance, and appellant showed six signs of intoxication. Appellant argued he did not want medical treatment so officers transported him to jail where they performed the walk-and-turn and one-leg stand sobriety tests. Appellant showed signs of intoxication on both tests. Because appellant's

–2–

breathalyzer test was inconclusive and he refused consent for a blood draw, officers obtained a warrant. They transported appellant to the hospital for the blood draw, which later revealed a blood alcohol level of 0.108.

A jury found appellant guilty of "Driving While Intoxicated 3rd or More, as charged in the Indictment" and sentenced him to seven years' confinement. This appeal followed.

## Sufficiency of Briefing

We first address the adequacy of appellant's briefing. Appellant's original brief did not comply with the requirements of Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1(a)–(k). We notified appellant of the briefing deficiencies and directed him to file an amended brief. Appellant filed an amended brief, but the State maintains appellant's amended brief still fails to comport with rule 38.1.[1] *See Houston v. State*, 201 S.W.3d 212, 215 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (stating an appellant court "is not appellant's counsel, and a skeletal brief is an impermissible burden on the appellate process").

When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (en banc). We first consider

---

[1] The State addresses appellant's issues based upon its interpretation of appellant's arguments and to the extent it could understand the issues.

each issue for compliance with rule 38.1; then, in the interest of justice and to the extent we can discern appellant's arguments, we will address each issue.

## Motion to Suppress

In his first issue, appellant argues the trial court erred by denying his motion to suppress because it failed to determine whether the arresting officer properly performed field sobriety tests. He contends field sobriety tests are "at best junk science."

Appellant fails to identify which field sobriety test he is challenging or explain how the arresting officer incorrectly performed any of the tests. He likewise provides no legal authority for his bald assertion that field sobriety tests are "junk science." His only legal citation relates to the appropriate standard of review for a motion to suppress; however, he wholly fails to apply the standard of review to any facts. Because appellant fails to present any substantive analysis, with appropriate supporting authorities as required by rule 38.1, appellant's issue is waived. TEX. R. APP. P. 38.1(i); *Cardenas*, 30 S.W.3d at 393.

## Competency to Stand Trial

In his second issue, appellant argues the trial court erred by failing to sufficiently inquire into his mental competence after defense counsel re-urged the issue during pretrial. He alleges there was reasonable doubt about whether he truly understood the proceedings and had the ability to communicate with defense counsel.

Appellant has failed to cite to any portion of the record supporting his argument or to provide any citation to relevant authority with application of the law to the facts of this case. TEX. R. APP. P. 38.1(i). Despite these briefing deficiencies, the record belies appellant's argument.

A fundamental principle of our criminal justice system is that, as a matter of constitutional due process, an incompetent criminal defendant may not stand trial. *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). We review a trial court's competency decision for an abuse of discretion. *Clark v. State*, No. 05-18-00944-CR, 2020 WL 1502731, at *2 (Tex. App.—Dallas Mar. 30, 2020, no pet.) (mem. op., not designated for publication) (citing *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999)). A trial court does not abuse its discretion absent a showing that its decision was arbitrary or unreasonable. *Id.*

Incompetency to stand trial is shown if a person does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Boyett*, 545 S.W.3d at 563.

The record indicates the trial court signed an "Agreed Order for Examination Regarding Incompetency" on June 22, 2022 because "there is evidence to support a finding of incompetency and that Defendant should be examined as provided by Article 46B.021." The court ordered appellant to submit to examination by July 15, 2022. The clerk's record contains a subsequent motion for competency examination

filed by defense counsel on December 14, 2022. The trial court signed an "Order Appointing Competency Evaluation" the same day. Neither competency evaluation report appears in the record; however, in a motion for continuance filed on February 28, 2023, defense counsel acknowledged appellant had been evaluated twice for his competency to stand trial, and both evaluations found him competent to stand trial.

During a pretrial hearing, appellant's granddaughter testified she believed appellant's strokes had diminished his mental capacity. He forgot conversations and little things like where he placed his keys. She acknowledged she had no medical training and had not attended any doctors' appointments with him, but she believed he did not know what was going on with the proceedings.

At the conclusion of her testimony, the trial judge said the following:

> There have been questions throughout the last four, five years, and there have been two competency evaluations. And the threshold for competency is not necessarily a high one, and Mr. Brown has met the threshold in those two different tests. I don't see any reason to postpone or to have a new test. . . . I think we have been prudent throughout this case, and with your client, with making sure he is competent, taking into consideration the issues that presented themselves from the beginning with previous counsel, and then later after his strokes.

The court stated appellant met the threshold for competency and continued with the trial.

The trial court is not obligated to revisit the competency issue absent a material change of circumstances suggesting that the defendant's mental status has deteriorated. *Clark*, 2020 WL 1502731, at *3. Appellant has not cited to any evidence in the record indicating the trial court abused its discretion by finding

–6–

appellant competent on two separate occasions to stand trial. His granddaughter's testimony did not suggest a material change in circumstances suggesting a deterioration in his mental status. Moreover, appellant's expert testified he believed with a reasonable degree of certainty that appellant was able to consult with his attorney and understand the proceedings. The trial court did not act arbitrarily or unreasonably under these facts; therefore, it did not abuse its discretion in proceeding with trial without further inquiry into his competency. *Id.* We overrule appellant's second issue.

## Prior DWI Convictions Read to Jury During Arraignment

In his third issue, appellant argues the trial court erred by allowing the State to read appellant's prior DWI convictions to the jury during arraignment "for the purpose of unfair prejudice." The State responds the trial court did not err because the reading of prior convictions to the jury is permissible if, as here, no evidence regarding the prior DWI's is presented during the guilt-innocence phase.

An appellant waives error when his argument on appeal fails to comport with the objection raised in the trial court. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Gonzales v. State*, No. 05-18-00895-CR, 2019 WL 3059878, at *7 (Tex. App.—Dallas July 12, 2019, pet. ref'd) (mem. op., not designated for publication). At trial, defense counsel objected to the State reading the prior DWI convictions "because of the stipulation." He did not object that reading the prior

convictions would unfairly prejudice him in front of the jury. Because his objection at trial does not comport with his argument on appeal, appellant's issue is waived.

Even assuming he preserved his issue, it is well-established the State may read the entire indictment, including the jurisdictional allegations (in this case, the prior DWI convictions), in arraigning the defendant in the presence of the jury. *Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006); *Williams v. State*, No. 08-03-00083-CR, 2006 WL 2987117, at *1 (Tex. App.—El Paso Oct. 19, 2006, no pet.) (op. on remand, not designated for publication). Further, in cases such as this where the defendant agrees to stipulate to the two previous DWI convictions, the Texas Court of Criminal Appeals has determined the proper procedure to avoid undue prejudice to the defendant is "when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but [the State] is foreclosed from presenting evidence of the convictions during its case-in-chief." *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). As no evidence of the prior DWI's was presented during the guilt-innocence phase, the trial court did not err in overruling appellant's objection. We overrule appellant's third issue.

## Lay Witness Opinion Testimony

In his fourth issue, appellant argues the trial court abused its discretion by overruling his objection to speculative witness testimony. The State responds the testimony was proper lay witness testimony because it was based on what the witness perceived at the scene and was helpful in determining a fact at issue.

The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Osbourn v. State*, 92 S.W.3d 531, 537–38 (Tex. Crim. App. 2002). If evidence supports the trial court's decision to admit evidence, there is no abuse of discretion, and the appellate court must defer to that decision. *Id.*; *Wells v. State*, 675 S.W.3d 814, 828 (Tex. App.—Dallas 2023, pet. granted).

Brad Jones testified that as he approached appellant's vehicle, he heard loud music coming from it. He yelled, "Are you okay?" but appellant did not answer. Jones got closer to appellant and again asked if he was okay, but appellant still did not respond.

The State asked Jones "his belief at that time on why [appellant] did not respond." Defense counsel objected it called for speculation, and the trial court overruled it. Jones then testified, "I thought that either the music was too loud coming out of the vehicle to hear me, or he could have possibly been intoxicated and just did not know I was there."

Texas Rule of Evidence 701 provides that lay opinion testimony is allowed when it is "rationally based on the witness's perception." TEX. R. EVID. 701. A lay witness can give an opinion as to whether another person is intoxicated. *Oropeza v. State*, No. 05-03-00741-CR, 2004 WL 575712, at *1 (Tex. App.—Dallas Mar. 24, 2004, pet. ref'd) (not designated for publication) (citing *Vaughn v. State*, 493 S.W.2d 524, 525 (Tex. Crim. App. 1972)). Brown's testimony was based on what he

perceived at the scene, which was appropriate lay opinion testimony and not speculation. Accordingly, the trial court did not abuse its discretion. Appellant's fourth issue is overruled.

## Exclusion of Expert Testimony

In his fifth issue, appellant argues the trial court abused its discretion by sustaining the State's relevancy objection to a portion of his expert's testimony. Appellant failed to cite to the record or explain what testimony he is challenging on appeal. Instead, he cited to the trial court sustaining the State's relevance objection because the testimony "goes outside the scope of the offense." As such, we conclude appellant failed to comply with rule 38.1 and therefore waived his issue. TEX. R. APP. P. 38.1(g), (i).

Even if appellant had adequately briefed this issue, it is still waived. When a trial court sustains a relevancy objection, to preserve error, the offering party must inform the court of the evidence's "substance by an offer of proof, unless the substance was apparent from the context." *Fields v. State*, 507 S.W.3d 333, 337 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing TEX. R. EVID. 103(a)(2)). It is not apparent from the record why any of appellant's early life cognitive struggles was relevant to a felony DWI committed decades later. As such, appellant failed to preserve error in the trial court. *Id.* His fifth issue is overruled.

## Sufficiency of Evidence of Prior Convictions

–10–

In his sixth issue, appellant argues the State failed to prove his prior DWI convictions with fingerprint evidence. The State responds there is no requirement to prove prior convictions through fingerprint evidence.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* There is no "best evidence" rule in Texas that requires a prior conviction be proven with any document, much less any specific document. *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 922. "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id.* Thus, a fingerprint is not required to connect a defendant to a prior conviction. Appellant has not challenged the State's presentation of his prior convictions on any other ground. As such, we overrule his final issue.

–11–

## Conclusion

The trial court's judgment is affirmed

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

230779f.p05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GRADY LEE BROWN, Appellant

No. 05-23-00779-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 20-50269-CC-F.
Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of December, 2024.